FILED
HARRISBURG, PA
SEP 21 2026
PER ____ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Dennis Atiyeh
Plaintiff,

v. Civil Action No. ________

AL SCHMIDT, in his official capacity as
Secretary of the Commonwealth of Pennsylvania,

Defendant.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Dennis Atiyeh proceeding [pro se], brings this civil-rights action under 42 U.S.C. § 1983 challenging the application of Pennsylvania's ballot-access requirements to Plaintiff's effort to qualify as an independent candidate for governor in the November 3, 2026 General Election.

Plaintiff alleges the following facts as follows:

## I. NATURE OF THE ACTION

1. This action concerns Plaintiff's attempt to obtain access to Pennsylvania's November 3, 2026 General Election ballot as an independent candidate for Governor

2. Pennsylvania required Plaintiff to circulate nomination papers during a period beginning March 11, 2026 and ending August 3, 2026.

3. Plaintiff attempted to obtain the official nomination-paper materials from the Pennsylvania Department of State at or near the beginning of that circulation period.

4. Plaintiff called the Department of State at 717-787-5280 during March 2026 seeking access to the nomination papers necessary to begin the ballot-access process.

5. Plaintiff was informed that the nomination materials were delayed; no date was given when materials would be available.
6. Plaintiff called again on or about March 12, 2026 and was again advised that the nomination papers were not yet accessible.
7. Plaintiff continued attempting to obtain the materials.
8. Plaintiff was not able to access the materials until approximately the final week of March 2026 by no fault of Plaintiff.
9. Consequently, although Pennsylvania's official circulation period began March 11, 2026, Plaintiff alleges that the State's failure to make the necessary materials reasonably accessible deprived Plaintiff of approximately 21 days of the statutory circulation period.
10. Plaintiff subsequently organized volunteers, family members, friends, and supporters to collect signatures supporting Plaintiff's candidacy.
11. Signatures were gathered at, among other places, numerous fairs, church functions, workplaces, malls, restaurants, grocery stores and community gatherings.
12. Plaintiff's volunteers included Jim Bresneck, who took approximately three nomination-paper sheets to his workplace to obtain 150 signatures but never separated the counties Carbon, Lehigh, Northampton and others.
13. Plaintiff and Plaintiff's volunteers understood that, because Plaintiff was seeking statewide office, qualified registered voters throughout Pennsylvania were eligible to support Plaintiff's nomination.

14. During the nomination process, Plaintiff was informed that Pennsylvania required signers residing in different counties to sign separate nomination-paper sheets.

15. Plaintiff was further informed that the presence of a signer from a different county on a nomination-paper sheet could result in signatures being invalidated.

16. By the time Plaintiff learned or fully understood the practical consequences of the county-separation requirement, numerous signatures had already been gathered without consistently separating signers according to county.

17. This substantially impaired the usability of signatures Plaintiff and Plaintiff's volunteers had already collected.

18. Pennsylvania maintains a statewide voter-registration system through which election officials can determine whether individuals are registered Pennsylvania electors.

19. Plaintiff contends that, when applied to a statewide candidate whose qualified signers may reside anywhere within Pennsylvania, the mandatory separation of signers by county substantially increases the logistical burden of obtaining ballot access.

20. That burden was particularly significant here because Plaintiff had already lost a portion of the circulation period because of the alleged delay in availability of the State's nomination-paper materials.

21. Plaintiff nevertheless continued attempting to comply with Pennsylvania's ballot-access requirements having to take 67 different forms to churches, fairs, grocery stores, restaurants, etc., because there are 67 counties.

22. On August 3, 2026, Plaintiff contacted the Department of State and spoke with an employee identified as "Sam."

23. Plaintiff requested additional time to complete the nomination process based on the circumstances described above.

24. Plaintiff was informed that there would be no extension and that nomination papers had to be received by 5:00 p.m. on August 3, 2026.

25. Plaintiff subsequently attempted to obtain written confirmation of the Department's position by email three times.

26. Plaintiff did not receive the requested written response as Plaintiff received on other occasions, not email.

27. Plaintiff also sent correspondence to the Department of State via US mail.

28. That correspondence was returned to Plaintiff.

29. As a result of the foregoing circumstances, Plaintiff was unable to submit nomination papers sufficient to obtain a position on Pennsylvania's November 3, 2026 General Election ballot.

30. Plaintiff wishes to appear as an independent candidate for Governor and remains willing and able to comply with reasonable and constitutionally permissible ballot-access requirements.

31. Plaintiff brings this action because the cumulative application of Pennsylvania's ballot-access requirements, together with the alleged State-created loss of a meaningful portion of Plaintiff's circulation period and refusal to provide any corresponding accommodation, deprived Plaintiff of a meaningful opportunity to qualify for the ballot.

## II. JURISDICTION

32. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

33. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

34. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiff seeks relief for the deprivation of federal constitutional rights under color of state law.

35. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

36. Plaintiff seeks prospective injunctive relief against Defendant in his official capacity.

## III. VENUE

37. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant performs his official election-administration responsibilities in Harrisburg, Pennsylvania, and substantial events giving rise to these claims occurred within this judicial district.

## IV. PARTIES

38. Plaintiff Dennis Atiyeh is a resident of Lehigh County Pennsylvania and sought to become an independent candidate for Governor in Pennsylvania's November 3, 2026 General Election.

39. Defendant Al Schmidt is the Secretary of the Commonwealth of Pennsylvania and Pennsylvania's chief election official.

40. Defendant is responsible for administration and enforcement of Pennsylvania laws governing nomination papers and statewide ballot access.

41. Defendant is sued solely in his official capacity for prospective declaratory and injunctive relief.

## V. PENNSYLVANIA'S BALLOT-ACCESS REQUIREMENTS

42. Section 951 of the Pennsylvania Election Code governs nomination papers filed by candidates of political bodies and independent candidates.

43. Pennsylvania requires nomination-paper candidates for statewide offices to obtain a specified number of valid signatures from qualified electors.

44. For the 2026 election, Pennsylvania's published instructions provided that statewide nomination-paper candidates generally needed 2,500 signatures, except candidates for President, United States Senator, and Governor, who needed 5,000 signatures.

45. Pennsylvania's 2026 instructions established a circulation period beginning March 11, 2026 and ending August 3, 2026.

46. Section 951(d), 25 P.S. § 2911(d), provides that different nomination-paper sheets must be used for signers residing in different counties.

47. Each nomination-paper sheet also contains a circulator statement concerning, among other matters, the county of the signers.

48. Plaintiff does not contend that Pennsylvania lacks authority to adopt reasonable regulations protecting election integrity.

49. Plaintiff instead challenges the constitutionality of the combined burden imposed by these requirements under the particular circumstances presented here.

## VI. CONSTITUTIONAL FRAMEWORK

50. Restrictions governing access to an election ballot implicate rights protected by the First and Fourteenth Amendments.

51. Courts reviewing ballot-access restrictions consider the character and magnitude of the burden imposed upon candidates and voters and weighs that burden against the interests asserted by the State to justify the restriction.

52. Plaintiff alleges that the cumulative burden imposed here was substantial.

53. Plaintiff lost a meaningful portion of the State's designated circulation period because the official materials needed to begin circulating nomination papers allegedly were not reasonably accessible.

54. The remaining circulation period required Plaintiff to obtain thousands of valid signatures.

55. Plaintiff additionally had to organize those signatures according to county even though Plaintiff sought a statewide office and signers throughout Pennsylvania were otherwise eligible to sign having to take 67 nomination forms to an event, as there are 67 counties in PA is an overburden to any candidate from any party running for state office. It is very difficult to get a registered voter's signature, let alone make sure the voter is from a county that you have to match with the nomination paper the voter is signing. There are 67 counties that voters travel to fairs, restaurants, churches, shopping centers, etc.

56. Signatures collected from otherwise qualified Pennsylvania electors were therefore at risk of rejection based upon the county designation of the particular sheet rather than the signer's eligibility to support Plaintiff's statewide candidacy.

57. Plaintiff requested additional time from the Department before the August 3 deadline.

58. The Department refused to extend the deadline or otherwise accommodate the alleged State-created reduction in Plaintiff's circulation period.

59. Plaintiff alleges that, considered together, these circumstances denied Plaintiff a meaningful and constitutionally adequate opportunity to qualify for the general-election ballot.

**COUNT I**

FIRST AND FOURTEENTH AMENDMENTS

UNCONSTITUTIONAL BURDEN ON BALLOT ACCESS

42 U.S.C. § 1983

60. Plaintiff incorporates paragraphs 1 through 59.

61. The First and Fourteenth Amendments protect rights of political association and participation implicated by restrictions on access to the ballot.

62. Plaintiff sought to exercise those rights by qualifying as an independent candidate for statewide office.

63. Plaintiff's prospective supporters likewise possessed associational and voting interests implicated by Plaintiff's attempt to obtain ballot access.

64. Pennsylvania allegedly failed to provide Plaintiff reasonable access to the official nomination materials at the beginning of the circulation period.

65. Plaintiff therefore lost a substantial portion of the time Pennsylvania itself designated for gathering signatures.

66. Pennsylvania nevertheless required Plaintiff to satisfy the complete ballot-access burden by the unchanged August 3, 2026 deadline.

67. Pennsylvania additionally required signatures from different counties to be placed on different nomination-paper sheets.

68. Application of that requirement to otherwise qualified Pennsylvania electors supporting a statewide candidate materially increased the organizational and administrative burden of collecting signatures.

69. Plaintiff alleges that these restrictions considered cumulatively and under the circumstances presented here, imposed a severe or otherwise constitutionally unjustified burden upon Plaintiff's ballot-access and associational rights.

70. The application of those restrictions was not sufficiently tailored to Pennsylvania's legitimate regulatory interests under the circumstances alleged.

71. Defendant's enforcement of those requirements therefore deprived Plaintiff of rights secured by the First and Fourteenth Amendments.

**COUNT II**

FOURTEENTH AMENDMENT

EQUAL PROTECTION

42 U.S.C. § 1983

72. Plaintiff incorporates paragraphs 1 through 71.

73. Pennsylvania provides materially different mechanisms for obtaining ballot access depending upon whether a candidate seeks nomination through a recognized political party or seeks general-election ballot access through nomination papers. The Democratic and Republican parties only need 2,000 signatures while the Independent needs 5,000 is unfair regardless of the extra time given as there is no primary for Independent Party candidates because the Democratic and Republican establishment. This year there was no primary for governor for either party.

74. Plaintiff acknowledges that different ballot-access mechanisms are not unconstitutional merely because they differ.

75. Plaintiff alleges, however, that the combined operation of the signature requirement, county-separation requirement, shortened effective circulation period, and inflexible filing deadline imposed materially different and substantial burdens upon Plaintiff's independent candidacy.

76. Plaintiff seeks judicial review of whether those burdens are constitutionally justified under the First and Fourteenth Amendments.

77. To the extent Defendant enforces materially greater burdens without a constitutionally sufficient justification, such enforcement violates the Equal Protection Clause of the Fourteenth Amendment.

**COUNT III**

FIRST AND FOURTEENTH AMENDMENTS

STATE-CREATED INTERFERENCE WITH THE BALLOT-ACCESS PERIOD

42 U.S.C. § 1983

78. Plaintiff incorporates paragraphs 1 through 77.

79. Pennsylvania established March 11, 2026 as the beginning of the nomination-paper circulation period.

80. Plaintiff reasonably attempted to obtain the materials necessary to begin circulating nomination papers during that period.

81. Plaintiff alleges that the Department's delay prevented Plaintiff from obtaining those materials until approximately the final week of March.

82. Plaintiff repeatedly contacted the Department concerning the materials.

83. Plaintiff thereafter attempted to complete the full nomination-paper requirements before August 3.

84. Plaintiff specifically requested an extension before expiration of the filing deadline. Furthermore, Plaintiff believes that the current governor's army, employed by the state, once they gain access to Plaintiff's nomination signatures, will attack his supporters. Farmers had 6,000 acres of farmland taken from their family farms that were farmed for generations because they supported republican candidates. Supporters of voter integrity have been attacked by Governor Shapiro's administration for speaking out against voter fraud. Recently, VFW, veterans have been attacked over the games of chance. Plaintiff has prominent supporters underlying business owners, farmers, doctors, law enforcement, firemen, professors, athletes, coaches and teachers. Plaintiff fears retaliation on

his supporters by the current governor and administration. Plaintiff has had advertising denied stating Plaintiff's ads violated Israeli voter laws.

85. Defendant's agents declined to extend the deadline.

86. Plaintiff alleges that enforcement of the full statutory burden after the State itself materially shortened Plaintiff's effective circulation period deprived Plaintiff of a meaningful opportunity to obtain ballot access.

87. Plaintiff therefore seeks prospective equitable relief sufficient to remedy the alleged State-created burden.

## VII. IRREPARABLE HARM

88. Plaintiff seeks emergency relief because Pennsylvania's General Election is scheduled for November 3, 2026.

89. Ballot preparation and voting processes are already underway.

90. Once ballots are finalized, distributed, voted, and counted without Plaintiff's candidacy appearing, Plaintiff's claimed injury cannot adequately be remedied by monetary damages.

91. Plaintiff therefore alleges imminent and irreparable harm in the absence of immediate judicial intervention.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the cumulative application of the challenged ballot-access requirements to Plaintiff under the circumstances described above violates the First and Fourteenth Amendments;

B. Declare, if supported by the evidence developed in this action, that enforcing the August 3, 2026 filing deadline against Plaintiff without accounting for the alleged State-created loss of circulation time is unconstitutional as applied to Plaintiff;

C. Temporarily and preliminarily enjoin Defendant from enforcing the August 3, 2026 nomination-paper deadline against Plaintiff while this action is adjudicated;

D. Order Defendant to provide Plaintiff an appropriate additional period within which to submit nomination papers or otherwise provides constitutionally adequate ballot-access relief;

E. Alternatively, if the Court determines that Plaintiff has demonstrated qualification for appropriate relief, order Defendant to accept and evaluate Plaintiff's nomination papers without rejecting otherwise qualified statewide electors solely because of the challenged application of the county-separation requirement;

F. If legally and practically available at the time relief is entered, order Defendant to take the steps necessary to place Plaintiff's name on the November 3, 2026 General Election ballot upon satisfaction of the constitutionally permissible qualification requirements determined by this Court;

G. Award Plaintiff reasonable costs and any attorney's fees authorized by 42 U.S.C. § 1988 if Plaintiff becomes represented by counsel and such fees are recoverable;

H. Grant such other prospective equitable relief as the Court determines just and appropriate.

Respectfully submitted,

Dennis Atiyeh

5828 Park Valley Road

Schnecksville, PA 18078

610-799-5037

risingson8102@aol.com

Plaintiff, Pro Se

September 21, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Dennis Atiyeh
Plaintiff,

v.

AL SCHMIDT, in his official capacity as
Secretary of the Commonwealth of Pennsylvania,

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that this 21st day of September 2026, I have served the attached documents

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION,

to the persons by the way of US Mail and email to the person at the address(es) listed below:

AL SCHMIDT, in his official capacity
PA Department of State
401 North Street
Harrisburg, PA 17120

email-pa-elections@pa.gov

Dennis Atiyeh, Pro se
5828 Park Valley Road
Schnecksville, PA 18078
610-799-5037
risingson8102@aol.com

September 21, 2026