**EXHIBIT TABLE OF CONTENTS**

Exhibit A – *Constitution Party of Pennsylvania* Order, No. 12-2726 (E.D. Pa. Feb. 1, 2018) ........................................................................................2

Exhibit B – *Libertarian Party* Consent Decree ....................................................6

Exhibit C – Declaration of Jonathan Marks ..........................................................10

Exhibit D – Screenshot of Department's website management software ...............17

Exhibit E – Email dated March 11, 2026 with Independent Candidate .................19

Exhibit F – Email dated March 12, 2026 with Independent Candidate .................21

Exhibit G – Email exchange dated May 26, 2026 between the Department and Allora Atiyeh .....................................................................................................24

Exhibit H – Email exchange dated June 4, 2026 between the Department and Allora Atiyeh .....................................................................................................27

Exhibit I – Letter dated August 3, 2026 from Dennis Atiyeh.................................30

Exhibit J – Email dated August 7, 2026 from Dennis Atiyeh .................................32

Exhibit K – Secretary's Certified List of Candidates for the 2026 General Election ...........................................................................................................35

Exhibit L – *Pa. Democratic Party v. Republican Party of Pa.*, No. 16-5664, 2016 WL 6582659 (E.D. Pa. Nov. 7, 2016) ...............................................................68

Exhibit M – *In re Nomination Papers of Andrew Tupone*, ---A.3d---, No. 58 MAP 2026, 2026 WL 2794472 (Pa. Sept. 18, 2026) ...................................................76

Exhibit N – *In re Nomination Papers of Tony Dastra and Craig Bolton*, No. 365 M.D. 2026, 2026 WL 2650980 (Pa. Cmwlth. Aug. 21, 2026) ................................78

Exhibit O – *De La Fuente v. Cortes*, 751 F. App'x 269 (3d Cir. 2018) ..................83

Exhibit P – *People Not Politicians v. Onder*, 609 U.S. ---, 2026 WL 2883222 (Sept. 25, 2026) ....................................................................................................89

# Exhibit A

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE CONSTITUTION PARTY OF PENNSYLVANIA, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CAROL AICHELE, et al.,** | : | |
| **Defendants.** | : | **NO. 12-2726** |

## ORDER

**AND NOW**, this 1st day of February, 2018, upon consideration of the Third Circuit's opinion in Constitution Party of Pa. v. Cortes, 877 F.3d 480 (3d Cir. 2017) and the parties' joint proposed modifications to this court's June 30, 2016 order (Doc. No. 97), **IT IS HEREBY ORDERED** that the parties' request for this court to adopt their proposed modifications is **GRANTED** as follows:

This order shall replace the order I issued on June 30, 2016. (Doc. No. 97.)

Until such time as the Pennsylvania Legislature enacts a permanent measure amending or modifying the process to place the plaintiff political bodies on the general election ballot and this change is signed by the Governor of Pennsylvania, the following rules shall apply to the plaintiff political bodies with respect to securing placement of their candidates on the general election ballot in Pennsylvania.

1. Candidates for the offices listed below shall present to the Secretary of the Commonwealth every August 1 nomination papers containing at least as many valid signatures of qualified electors of the state or the electoral district, as the case may be, as listed below:

a. President of the United States: Five thousand.

b. United States Senate: Five thousand.

c. Governor: Five thousand.

d. Lieutenant Governor: Two thousand five hundred.

e. Treasurer: Two thousand five hundred.

f. Auditor General: Two thousand five hundred.

g. Attorney General: Two thousand five hundred.

h. Justice of the Supreme Court: Two thousand five hundred.

i. Judge of the Superior Court: Two thousand five hundred.

j. Judge of the Commonwealth Court: Two thousand five hundred.

k. For any other office to be filled by the vote of the electors of the state at large: Two thousand five hundred.

2. Candidates for non-statewide offices shall present to the Secretary of the Commonwealth by August 1 nomination papers containing at least as many valid signatures of qualified electors of the state or the electoral district, as the case may be, as set forth by 25 P.S. § 2911(b).

3. No candidate of the plaintiff political bodies shall be assessed costs under 25 P.S. § 2937.

4. This Order is intended to replace the signature requirement imposed by 25 P.S. § 2911(b). The defendants are enjoined from enforcing this signature requirement in conjunction with the objection procedure set forth in 25 P.S. § 2937 as applied to nomination

Case 5:12-cv-02726-LS Document 13-1 Filed 02/20/26 Page 3 of 3

papers submitted by the plaintiffs Constitution Party of Pennsylvania, Green Party of Pennsylvania and Libertarian Party of Pennsylvania and by their candidates for office.

5. All other provisions of the Pennsylvania Election Code that do not conflict with this Order continue to apply to the candidates of the plaintiff political bodies.

**BY THE COURT:**

***/s/ Lawrence F. Stengel***
LAWRENCE F. STENGEL, C.J.

# Exhibit B

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RECEIVED

JUN 14 1984

DEPT. OF STATE
OFFICE OF CHIEF COUNSEL

| | | |
|---|---|---|
| THE LIBERTARIAN PARTY OF PENNSYLVANIA, et al., Plaintiffs | : | |
| v. | : | CIVIL ACTION NO. 84-0262 |
| | : | (JUDGE CALDWELL) |
| WILLIAM R. DAVIS, Secretary of the Commonwealth of Pennsylvania Defendant | : | |

FILED
HARRISBURG, PA.
JUN 13 1984
DONALD R. BERRY, CLERK
PER ______ DEPUTY CLERK

CONSENT DECREE

Plaintiffs and defendant, by their respective counsel, hereby enter into the following consent decree:

1. Defendant, William R. Davis, Secretary of the Commonwealth of Pennsylvania, agrees to accept the nomination papers of plaintiffs filed on or before August 1 of this year and future election year, notwithstanding Section 2913(c) of the Election Code, Act of June 3, 1937, P.L. 133, as amended 25 P.S. § 2913(c).

2. This Consent Decree terminates upon amendment of Section 2913(c) of the Election Code of the General Assembly.

3. The Court may award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. The above represents full and complete settlement of all issues raised in this case. The clerk is directed to enter this Consent Decree as final judgment in this matter, and to close the file.

LEWIS H. MARKOWITZ, ESQUIRE
On Behalf of Plaintiffs

2 West Market Street
P.O. Box 152
York, Pennsylvania 17406

DATE: 31 May 1984

DAVID F. PHIFER, ESQUIRE
Chief Counsel, Department of State
On Behalf of Defendant
307 North Office Building
Harrisburg, Pennsylvania 17120

DATE: 6/1/84

APPROVED BY:

______________________ J.

Date: June 13, 1984

APPROVAL OF CONSENT DECREE

Libertarian Party of Pennsylvania
et al. v. William R. Davis

I hereby indicate my approval of the Consent Decree in the above-captioned case as attached hereto.

APPROVED BY:

DICK THORNBURGH, Governor

April 26, 1984
Date

APPROVAL OF CONSENT DECREE

Libertarian Party of Pennsylvania et al. v. Davis

I hereby indicate my approval of the consent decree in the above-captioned case as attached hereto.

APPROVED BY: [signature]
LeRoy S. Zimmerman
Attorney General

5/8/84
(Date)

# Exhibit C

Exhibit C

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ATIYEH,<br><br>Plaintiff,<br><br>v.<br><br>AL SCHMIDT,<br><br>Defendant. | No. 26-cv-02813<br>Judge Keli M. Neary |

**DECLARATION OF JONATHAN MARKS IN SUPPORT OF DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

I, Jonathan Marks, hereby state as follows:

1. I am Deputy Secretary for Elections and Commissions for the Department of State (the "Department") of the Commonwealth of Pennsylvania. I report directly to Al Schmidt, Secretary of the Commonwealth. I have held this position since February 2019. Prior to serving as Deputy Secretary, I served as Commissioner for the Bureau of Commissions, Elections and Legislation, and before that, as Division Chief for the Statewide Uniform Registry of Electors (SURE). I have worked at the Department since 1993 and been involved with the Department's election-related responsibilities since 2002.

2. As part of my duties, I supervise and manage the implementation and maintenance of technology related to the SURE System, used by the Department

and the county boards of election to record and track the mail ballot process (encompassing mail-in and absentee ballots). The Department is tasked with the responsibility to examine all nomination petitions and nomination papers presented by candidates to the Secretary pursuant to his authority under 25 P.S. § 2936 and I supervise and manage all Department personnel involved with this task. The Department also works closely with the 67 county election boards and other stakeholders to develop and implement projects and procedures impacting election operations in the Commonwealth.

3. I submit this Declaration in support of Defendant's opposition to Plaintiff's request for a preliminary injunction filed in this matter. Given my role and experience at the Department, I am personally knowledgeable about the matters referenced in this Declaration and the business records of the Department. I have also consulted with colleagues about certain matters referenced in this Declaration. If called as a witness, I could and would testify competently to the matters set forth below.

4. As of the morning of September 29, 2026, 1,020,163 Pennsylvania registered voters have been approved for mail ballots for the 2026 General Election.

5. Additional applications will be received through the mail ballot application deadline on October 27, 2026, causing this figure to grow in the coming weeks.

6. As of the morning of September 29, 2026, county boards of election have mailed approximately 891,700 mail ballots, which ballots are currently in the mail stream; more of these are being delivered to voters every day. By Wednesday, September 30, 2026, an expected 35 county boards of election will have mailed their ballots. The remaining counties will be mailing ballots out in the next couple weeks and must begin to do so by the statutory deadline of October 20. Even counties that wait until this statutory deadline must start printing those ballots in advance.

7. As of the morning of September 29, 2026, approximately 44,500 mail ballots have been returned by voters.

8. These figures reflect data logged by the county boards of election in the SURE system and intelligent mail barcode (IMB) data collected by the United States Postal Service and mail house vendors, reported to the Department and the county boards of election as of the morning of September 29, 2026.

9. County boards of election have also begun the required logic and accuracy testing of their electronic voting systems to be used on election day. This testing involves an intensive process containing multiple steps to ensure that all

election day equipment used by a county is working properly. Testing must be conducted using the actual ballots to be used for an election. Testing can take days or sometimes more than a week for larger counties with more equipment.

10. Several of the more populous counties have already completed their testing, including Philadelphia, Allegheny, Montgomery, Erie, Lebanon, and Chester counties. Several other counties intend to complete testing in the first two weeks of October. And all remaining counties must complete testing by October 19, 2026.

11. For the 2026 election cycle, the nomination paper circulation period applicable for all political body and independent candidates (collectively Third Party Candidates) lasted from March 11, 2026 to Monday August 3, 2026. The deadline to file nomination paperwork with the Secretary was 5:00 on August 3, 2026.

12. This year, the Department placed all materials for Third Party Candidates on its website at 5:48 p.m. on March 10, 2026, which was the day prior to the time nomination papers can be circulated. The Department waits to do this until after the deadline for nomination petition filing for major party candidates concludes each year (which was 5:00 p.m. on March 10, 2026) because Third Party candidates cannot circulate nomination papers prior to that time and so as to avoid any confusion for candidates.

13. The nomination papers materials include links to all of the required forms, including the Nomination pages themselves, the affidavit, statement of financial interests, instructions and signature requirements. The instructions clearly lay out the requirements for candidates, including the requirement to use different sheets for signers residing in different counties. This statutory requirement is particularly necessary for expeditious review of signatures by both the Department during its initial review pursuant to Section 2936 of the Election Code and for the review of courts during objections proceedings under Section 2937.

14. Had there been any type of delay in publishing this information on the Department's website by the start of the nomination paper circulation period on March 11, 2026, I would have been aware of it because the Department would have received complaints about it. A review of communications from this time period conducted by my staff does not show any indication of any type of delay. In fact, email chains from March 11, 2026 and March 12, 2026 between the Department's Elections email account and two different independent candidates confirm that nomination papers materials were posted to the Department's website on the afternoon of March 10, 2026. *See* Exhibits E and F.

15. Neither the Secretary, nor anyone at the Department has any authority to extend the August 3, 2026 deadline for filing of nomination papers. Doing so would result in unequal treatment among third-party candidates.

16. On September 4, 2026, the Secretary certified the official candidate list for the General Election.

17. I have reviewed Exhibits D through K, attached to Defendant's Response in this matter and state that they are true and correct copies of correspondence or other documents maintained by the Department and kept in the course of its regularly conducted activity.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Jonathan Marks

Executed on September 29, 2026
Harrisburg, Pennsylvania

# Exhibit D

Exhibit D


Activities button menu
Show All
New Version 1.20
2/11/25, 9:36 AM
Ariella Shua 3.6
New Version 1.21
3/6/25, 12:43 PM
Saving before reverting to page version from 2.11. Copy of current page was created, called "Copy March 6- Third Party Nomination Paperwork."
New Version 1.20.0
3/6/25, 1:00 PM
New Version 1.20.1
3/12/25, 1:47 PM
New Version 1.20.2
3/10/26, 5:48 PM
Preview
Compare to Current
Revert to this Version
artment of State
artment of Transportation
ndot
er and Vehicle Services
loyment
loyment
and Boat Commission
andboat
he Commission
ernor's Office of Homelan...
helandsecurity
ernor's Residence
dence
nan Resources
oa
rance Department
rance
enile Court Judges' Commi...
ior Control Board
nicipal Police Officers' Edu...
petc
ce of Administration
ce of the Budget
Programs
programs
Resources
resources
Department and Offices
department-and-offices
Alerts and Notices
alerts-and-notices
File a Complaint
file-a-complaint
About
about
Contact Us
contact-us
Newsroom
newsroom
Business
business
Charities
charities
Professional Licensing
professional-licensing
Voting & Elections
voting-and-elections
Notaries
notaries
Document Certification
document-certification
State Athletics
state-athletic
Voting in PA
vote-pa
Running for Office
running-for-office
Campaign Finance
campaign-finance
Lobbying Disclosure
lobbying-disclosure
Special Elections
special-elections
Upcoming Elections
upcoming-elections
Civic Engagement Award
civic-engagement-award
Third Party Nomination Paper...
third-party-nomination-paper...
Election Calendars
election-calendars
Title Third Party Nomination Paperwork
Name third-party-nomination-paperwork
Template Agency Content Page
Modified Mar 10, 2026
Modified By Elissa Dauberman
Language English
Published Mar 10, 2026
Published By workflow-process-service
Preview Not previewed

# Exhibit E

**From:** ST, Elections
**To:** Drew Bingaman for 108
**Subject:** Re: [External] 2026 independent nomination papers
**Date:** Wednesday, March 11, 2026 8:08:31 AM
**Attachments:** Outlook-Pennsylvan.png

Good morning,

It appears that all of the paperwork for 2026 was posted to our website yesterday afternoon.

Thank you,

Adam

Division of Election Administration
Bureau of Elections
PA Department of State
210 North Office Building, Harrisburg, PA 17120
Office: 717-787-5280
dos.pa.gov | vote.pa.gov | Facebook | Twitter

---

**From:** Drew Bingaman for 108 <drewfor108@gmail.com>
**Sent:** Tuesday, March 10, 2026 9:40 AM
**To:** ST, Elections <RA-Elections@pa.gov>
**Subject:** [External] 2026 independent nomination papers

***ATTENTION:*** *This email message is from an external sender. Do not open attachments or click links from unknown senders. To report suspicious email, use the Report Phishing button in Outlook.*

I am planning to file to run for state rep as an independent this year. Currently the 2025 nomination papers are the only ones available on the website. And I believe the petition period begins tomorrow.

Is there a link to the 2026 independent nomination form?

Thank you.
Drew Bingaman

# Exhibit F

**From:** ST, Elections
**To:** Jeff Wilder
**Subject:** Re: [External] Petition for general election
**Date:** Thursday, March 12, 2026 8:24:15 AM
**Attachments:** Outlook-Pennsylvan.png

---

Good morning,

The circulation period for nomination papers for political body and minor political party candidates began March 11th, 2026. You can find information and paperwork at the below links.

https://www.pa.gov/agencies/dos/programs/voting-and-elections/running-for-office

https://www.pa.gov/agencies/dos/programs/voting-and-elections/running-for-office/third-party-nomination-paperwork

I hope this is of assistance.

Thank you,

Adam

Division of Election Administration
Bureau of Elections
PA Department of State
210 North Office Building, Harrisburg, PA 17120
Office: 717-787-5280
dos.pa.gov | vote.pa.gov | Facebook | Twitter

---

**From:** Jeff Wilder <jwilder4congress@gmail.com>
**Sent:** Wednesday, March 11, 2026 9:17 PM
**To:** ST, Elections <RA-Elections@pa.gov>
**Subject:** [External] Petition for general election

***ATTENTION:*** *This email message is from an external sender. Do not open attachments or click links from unknown senders. To report suspicious email, use the Report Phishing button in Outlook.*

I’m the independent candidate for Pa 11 when can I do my petition

United States congressional candidate PA 11 Jeffrey Wilder

# Exhibit G

Exhibit G

**From:** ST, Elections
**To:** Allora Atiyeh
**Subject:** Re: [External] Question: Number of Signatures Necessary for Independent Candidate for Governor
**Date:** Tuesday, May 26, 2026 1:01:57 PM
**Attachments:** Outlook-Pennsylvan.png

---

Good afternoon,

Item number 5 of the INSTRUCTIONS FOR FILING AS A CANDIDATE OF A POLITICAL BODY for the 2026 General Election states that the number of signatures required is 5,000. You can find the link to the posted instructions at the below link on the 2026 Third Party Nomination Paperwork page under Running for Office on our website. I hope this is of assistance.

https://www.pa.gov/content/dam/copapwp-pagov/en/dos/programs/voting-and-elections/running-for-office/2026/nomination-papers-2026/pb%20nomination%20paper%20instructions%202026%20final.pdf

https://www.pa.gov/agencies/dos/programs/voting-and-elections/running-for-office/third-party-nomination-paperwork

Thank you,

Adam

Division of Election Administration
Bureau of Elections
PA Department of State
210 North Office Building, Harrisburg, PA 17120
Office: 717-787-5280
dos.pa.gov | vote.pa.gov | Facebook | Twitter

---

**From:** Allora Atiyeh <alloraatiyeh20@gmail.com>
**Sent:** Tuesday, May 26, 2026 12:37 PM
**To:** ST, Elections <RA-Elections@pa.gov>
**Subject:** [External] Question: Number of Signatures Necessary for Independent Candidate for Governor

***ATTENTION:*** *This email message is from an external sender. Do not open attachments or click links from unknown senders. To report suspicious email, use the Report Phish button in Outlook.*

Good Afternoon!

To run as an independent for governor, how many signatures are required?

Best,

Allora Atiyeh

# Exhibit H

**From:** ST, Elections
**To:** Allora Atiyeh
**Subject:** Re: [External] Independent Governor Candidate Inquiries
**Date:** Thursday, June 4, 2026 2:29:38 PM
**Attachments:** Outlook-Pennsylvan.png

---

Good afternoon,

Number 5 "Number of Signatures Required" of the "Instructions for Filing as a Candidate of a Political Body" states that the signature requirement for the office of Governor is 5,000 signatures; there is no breakout requirement for number of counties collected from.

Number 4 "Committee to Fill Vacancies" of the "Instructions for Filing as a Candidate of a Political Body" states that there must be between 3 and 5 persons listed for the committee. It does not speak to requirements of those individuals.

I hope this is of assistance.

Thank you,

Adam

Division of Election Administration
Bureau of Elections
PA Department of State
210 North Office Building, Harrisburg, PA 17120
Office: 717-787-5280
dos.pa.gov | vote.pa.gov | Facebook | Twitter

---

---

**From:** Allora Atiyeh <alloraatiyeh20@gmail.com>
**Sent:** Thursday, June 4, 2026 12:37 PM
**To:** ST, Elections <RA-Elections@pa.gov>
**Subject:** [External] Independent Governor Candidate Inquiries

***ATTENTION:*** *This email message is from an external sender. Do not open attachments or click links from unknown senders. To report suspicious email, use the Report Phish button in Outlook.*

Dear Election Division,

I hope you are doing well.

I am seeking clarification regarding the requirements for an independent candidate seeking placement on the ballot for Governor.

Specifically, I have two questions:

1. For the required 5,000 petition signatures, must the signatures come from multiple counties throughout the state, or can all qualifying signatures be collected from voters residing within the same county?
2. Regarding the candidate's political committee, do committee members need to be registered as independent voters, or may individuals who are affiliated with a recognized political party serve as committee members?

I appreciate any guidance or references to the applicable statutes or regulations that you can provide.

Thank you for your time and assistance.

Sincerely,

Allora

# Exhibit I

Exhibit I

Pennsylvania Department of State
Election and Commissions Bureau
North Office Building
210 North Street
Harrisburg, PA 17120

Phone: 717-787-5280
Email: ra-elections@pa.gov

August 3, 2026

Attn: Administration

Adam, I spoke to you today to request an extension to the 5 pm deadline to submit Independent Nomination papers. The time line to start was delayed this year so in fairness an extension should be granted.

I also object to having to separate the signatures by counties for a statewide race for Governor. As an independent, it makes the process impossible to gather 5,000 signatures. What county a voter is registered in has no factor. The state election committee has all the voters in a database, which can be verified that the signers on the nomination paper are to a registered voter. To force a candidate to have differentiate 67 counties is unconstitutional and violates a candidates right to a fair opportunity. 5,000 signatures compared to 2,000 signatures for the democratic and republican nomination also violates my constitutional rights making it impossible for an independent to ever run as a governor.

For the record, Dennis Atiyeh for governor is registered with the state and has an EIN number.

Respectfully Submitted

Dennis Atiyeh
5828 Park Valley Road
Schnecksville, PA 18078
610-799-5037

Cc:// Attorney David Gaspar (484) 353-5402
email: david@armlawers.com

# Exhibit J

Exhibit J

---

**From:** Laurie Atiyeh <risingson8102@aol.com>
**Sent:** Friday, August 7, 2026 1:12 PM
**To:** ST, Elections
**Subject:** [External] Fw: Independent Governor nomination papers extension
**Attachments:** Pennsylvania Department of State.rtf

ATTENTION: This email message is from an external sender. Do not open attachments or click links from unknown senders. To report suspicious email, use the Report Phish button<https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.pa.gov%2Fcontent%2Fdam%2Fcopapwp-pagov%2Fen%2Foa%2Fdocuments%2Fdocuments%2Freport-phish-button-user-guide.pdf&data=05%7C02%7Cra-elections%40pa.gov%7C2f82984c4525410a1a7e08def4a7039b%7C418e284101284dd59b6c47fc5a9a1bde%7C0%7C0%7C639217195454017061%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=hf%2FxQH%2BFEW4qhUFwUfqp%2FBUoaXC%2BKQVCteFicP%2FkvX4%3D&reserved=0> in Outlook.

Good Afternoon,

Please respond to the original message dated August 3, 2026.
Upon the third request, please respond to this email. If a response is not received by Monday August 10, an action will be filed in Commonwealth Court.

Thank You
----- Forwarded Message -----

From: Laurie Atiyeh <risingson8102@aol.com>
To: ra-elections@pa.gov <ra-elections@pa.gov>
Sent: Tuesday, August 4, 2026 at 04:43:33 PM EDT
Subject: Fw: Independent Governor nomination papers extention

Good Afternoon,
A response was not received in regard to this email. Please respond.
Thank you
Have a great day.

----- Forwarded Message -----

From: Laurie Atiyeh <risingson8102@aol.com>
To: ra-elections@pa.gov <ra-elections@pa.gov>
Sent: Monday, August 3, 2026 at 12:00:30 PM EDT
Subject: Independent Governor nomination papers extension

Please find an attachment

# Exhibit K

Exhibit K

# Commonwealth of Pennsylvania

September 4, 2026

## TO ALL COUNTY BOARDS OF ELECTIONS

In accordance with the provisions of section 916 of the Pennsylvania Election Code, I hereby certify that the attached constitutes the official list of candidates' names for the political parties and offices set forth herein to be printed on the official ballot for the General Election to be held Tuesday, November 3, 2026 in your county. Candidates' names must be printed on the official ballot in the order in which they appear on this certification.

In testimony whereof, I have hereunto set my hand and caused the seal of the Secretary's office to be affixed this fourth day of September, A.D. 2026.

SECRETARY OF THE COMMONWEALTH PENNSYLVANIA

Secretary of the Commonwealth

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **GOVERNOR** | | | | | | |
| **--Statewide** | | | | | | |
| 2026C0403 | DEM | JOSH SHAPIRO | 2101 N FRONT STREET BUILDING 3 SUITE 200 | HARRISBURG | PA 17110- | MONTGOMERY |
| LIEUTENANT GOVERNOR : AUSTIN DAVIS(2026C0092) | | | | | | |
| 2026C0735 | REP | STACY GARRITY | 383 GATEWAY INDUSTRIAL PARK ROAD | ATHENS | PA 18810- | BRADFORD |
| LIEUTENANT GOVERNOR : JASON RICHEY(2026C0645) | | | | | | |
| 2026C1456 | LIB | KEN KRAWCHUK | 117 WEST AVENUE | ELKINS PARK | PA 19027- | MONTGOMERY |
| LIEUTENANT GOVERNOR : JOHN THOMAS(2026C1457) | | | | | | |
| **REPRESENTATIVE IN CONGRESS** | | | | | | |
| **--1st Congressional District** | | | | | | |
| 2026C0079 | DEM | BOB HARVIE | PO BOX 67 | LANGHORNE | PA 19047- | BUCKS |
| 2026C0200 | REP | BRIAN FITZPATRICK | 76 OAKRIDGE DR | LANGHORNE | PA 19047 | BUCKS |
| **--2nd Congressional District** | | | | | | |
| 2026C0291 | DEM | BRENDAN F BOYLE | PO BOX 14310 | PHILADELPHIA | PA 19115- | PHILADELPHIA |
| 2026C0949 | REP | JESSICA ARRIAGA | 2610 NORTH FRANKLIN STREET | PHILADELPHIA | PA 19133 | PHILADELPHIA |
| **--3rd Congressional District** | | | | | | |
| 2026C0023 | DEM | CHRIS RABB | 314 WADSWORTH AVENUE | PHILADELPHIA | PA 19119- | PHILADELPHIA |
| 2026C1448 | TIP | DENNIS MAHONEY | 206 CARPENTER STREET APARTMENT 1 | PHILADELPHIA | PA 19147- | PHILADELPHIA |
| **--4th Congressional District** | | | | | | |
| 2026C0258 | DEM | MADELEINE DEAN | PO BOX 444 | GLENSIDE | PA 19038- | MONTGOMERY |
| 2026C0857 | REP | AURORA STUSKI | 110 S SCHUYLKILL AVE | WEST NORRITON | PA 19403 | MONTGOMERY |
| **--5th Congressional District** | | | | | | |
| 2026C0429 | DEM | MARY GAY SCANLON | PO BOX 263 | SWARTHMORE | PA 19081- | DELAWARE |
| 2026C1055 | REP | NICK MANGANARO | 429 MONTGOMERY AVE APT C403 | HAVERFORD | PA 19041-1731 | MONTGOMERY |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--6th Congressional District** | | | | | | |
| 2026C0263 | DEM | CHRISSY HOULAHAN | PO BOX 222 | DEVON | | CHESTER |
| 2026C0814 | REP | MARTY YOUNG | 585 WINTURFORD DRIVE | WEST CHESTER | PA 19382 | CHESTER |
| **--7th Congressional District** | | | | | | |
| 2026C0405 | DEM | BOB BROOKS | 2224 WHITEHEAD RD | NAZARETH | PA 18064 | NORTHAMPTON |
| 2026C0029 | REP | RYAN MACKENZIE | 3192 BOYALSTON CIRCLE | EMMAUS | PA 18049- | LEHIGH |
| 2026C1447 | GRN | ANDREW TUPONE | PO BOX 20042 | LEHIGH VALLEY | PA 18002-0042 | NORTHAMPTON |
| **--8th Congressional District** | | | | | | |
| 2026C0738 | DEM | PAIGE COGNETTI | PO BOX 20074 | SCRANTON | PA 18502 | LACKAWANNA |
| 2026C0239 | REP | ROB BRESNAHAN JR | PO BOX 971 | PITTSTON | PA 18640- | LUZERNE |
| **--9th Congressional District** | | | | | | |
| 2026C0340 | DEM | RACHEL WALLACE | PO BOX 15 | NEW RINGGOLD | PA 17960 | SCHUYLKILL |
| 2026C0454 | REP | DAN MEUSER | 100 OLDFIELD RD | SHAVERTOWN | PA 18708 | LUZERNE |
| **--10th Congressional District** | | | | | | |
| 2026C1257 | DEM | JANELLE STELSON | PO BOX 41 | LEMOYNE | PA 17043 | CUMBERLAND |
| 2026C0462 | REP | SCOTT PERRY | 4075 LINGLESTOWN RD #119 | LINGLESTOWN | PA 17112- | YORK |
| **--11th Congressional District** | | | | | | |
| 2026C0906 | DEM | NANCY MANNION | 2101 LITITZ PIKE | LANCASTER | PA 17601 | LANCASTER |
| 2026C0380 | REP | LLOYD K SMUCKER | 2260 ERIN COURT | LANCASTER | PA 17601-1965 | LANCASTER |
| **--12th Congressional District** | | | | | | |
| 2026C0209 | DEM | SUMMER LEE | 907 WEST STREET SUITE 236 | PITTSBURGH | PA 15221- | ALLEGHENY |
| 2026C0573 | REP | JAMES HAYES | 508 ROSLYN PLACE | PITTSBURGH | PA 15232 | ALLEGHENY |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--13th Congressional District** | | | | | | |
| 2026C1224 | DEM | BETH FARNHAM | 649 POPLAR ST | HANOVER | PA 17331- | ADAMS |
| 2026C0212 | REP | JOHN JOYCE | 198 STONEHEDGE ROAD | HOLLIDAYSBURG | PA 16648 | BLAIR |
| **--14th Congressional District** | | | | | | |
| 2026C0914 | DEM | ALAN BRADSTOCK | 2409 RIDGE BLVD | CONNELLSVILLE | PA 15425 | FAYETTE |
| 2026C0103 | REP | GUY RESCHENTHALER | 253 ROSCOMMON PLACE | MCMURRAY | PA 15317- | WASHINGTON |
| **--15th Congressional District** | | | | | | |
| 2026C0283 | DEM | RAY BILGER | 532 DECIBEL ROAD | STATE COLLEGE | PA 16801 | CENTRE |
| 2026C0517 | REP | GLENN GT THOMPSON | PO BOX 581 | HOWARD | PA 16841 | CENTRE |
| **--16th Congressional District** | | | | | | |
| 2026C1072 | DEM | JUSTIN WAGNER | PO BOX 121 | MERCER | PA 16137- | MERCER |
| 2026C0461 | REP | MIKE KELLY | PO BOX 476 | LYNDORA | PA 16045 | BUTLER |
| **--17th Congressional District** | | | | | | |
| 2026C0071 | DEM | CHRIS DELUZIO | PO BOX 16210 | PITTSBURGH | PA 15242 | ALLEGHENY |
| 2026C1276 | REP | TONY GUY | 5273 WEBB STREET | ALIQUIPPA | PA 15001- | BEAVER |
| **SENATOR IN THE GENERAL ASSEMBLY** | | | | | | |
| **--2nd Senatorial District** | | | | | | |
| 2026C0703 | DEM | CHRISTINE M TARTAGLIONE | PO BOX 45918 | PHILADELPHIA | PA 19149- | PHILADELPHIA |
| **--4th Senatorial District** | | | | | | |
| 2026C0251 | DEM | ART HAYWOOD | 443 RICES MILL RD | WYNCOTE | PA 19095- | MONTGOMERY |
| 2026C0882 | REP | TODD JOHNSON | 5645 NORTH UBER STREET | PHILADELPHIA | PA 19141 | PHILADELPHIA |
| **--6th Senatorial District** | | | | | | |
| 2026C0062 | DEM | EILEEN HARTNETT ALBILLAR | 666 GRACE LN | WARRINGTON | PA 18976- | BUCKS |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| 2026C0115 | REP | FRANK FARRY | PO BOX 231 | LANGHORNE | PA 19047 | BUCKS |
| **--8th Senatorial District** | | | | | | |
| 2026C0129 | DEM | ANTHONY HARDY WILLIAMS | WILLIAMS FOR SENATE PO BOX 6313 | PHILADELPHIA | PA 19139- | PHILADELPHIA |
| **--10th Senatorial District** | | | | | | |
| 2026C0034 | DEM | STEVE SANTARSIERO | PO BOX 671 | NEWTOWN | PA 18940 | BUCKS |
| 2026C0390 | REP | GREG BANKOS | 4935 CABIN RUN RD | PIPERSVILLE | PA 18947 | BUCKS |
| **--12th Senatorial District** | | | | | | |
| 2026C0577 | DEM | MARIA COLLETT | 812 WARREN ROAD | LOWER GWYNEDD | PA 19002- | MONTGOMERY |
| 2026C1360 | REP | ROBERT F COSTELLO III | 2323 CORDUS LANE | HUNTINGDON VALLEY | PA 19006 | MONTGOMERY |
| **--14th Senatorial District** | | | | | | |
| 2026C0867 | DEM | NICK MILLER | PO BOX 1799 | ALLENTOWN | PA 18101- | LEHIGH |
| 2026C0630 | REP | OMY MALDONADO | 656 BUCKINGHAM DRIVE | NORTHAMPTON | PA 18067- | NORTHAMPTON |
| **--16th Senatorial District** | | | | | | |
| 2026C0574 | DEM | MARK PINSLEY | 1855 VALLEY FORGE ROAD | ALLENTOWN | PA 18104 | LEHIGH |
| 2026C0408 | REP | JARRETT COLEMAN | 5040 MAPLE RIDGE WAY | EMMAUS | PA 18049- | LEHIGH |
| **--18th Senatorial District** | | | | | | |
| 2026C0593 | DEM | LISA BOSCOLA | 385 PALMETTO DR | EASTON | PA 18045- | NORTHAMPTON |
| 2026C0242 | REP | SCOTT JANNEY | 75 PINE MANOR DRIVE | HELLERTOWN | PA 18055- | NORTHAMPTON |
| **--20th Senatorial District** | | | | | | |
| 2026C1041 | DEM | JACKIE BAKER | 23842 STATE ROUTE 29 | HALLSTEAD | PA 18822 | SUSQUEHANNA |
| 2026C0273 | REP | LISA BAKER | PO BOX 59 | LEHMAN | PA 18627- | LUZERNE |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--22nd Senatorial District** | | | | | | |
| 2026C0192 | DEM | MARTY FLYNN | 211 HILL STREET | DUNMORE | PA 18512- | LACKAWANNA |
| 2026C1309 | REP | SHARON SOLTIS SPARANO | 2105 E LAPLUME RD | LAPLUME | PA 18440 | LACKAWANNA |
| **--24th Senatorial District** | | | | | | |
| 2026C0105 | DEM | CHRIS THOMAS | 1148 PIN OAK DR | PERKIOMENVILLE | PA 18074- | MONTGOMERY |
| 2026C0102 | REP | TRACY E PENNYCUICK | 937 CLUBHOUSE DRIVE | HARLEYSVILLE | PA 19438- | MONTGOMERY |
| 2026C1452 | GRN | MIKE SCHONEWOLF | 4001 OTTAWA COURT | SKIPPACK | PA 19474- | MONTGOMERY |
| **--26th Senatorial District** | | | | | | |
| 2026C1314 | DEM | TIM KEARNEY | 539 WESTMINSTER AVE | SWARTHMORE | PA 19081-2428 | DELAWARE |
| 2026C1463 | REP | GAIL SCOTT | 324 BLANCHARD ROAD | DREXEL HILL | PA 19026- | DELAWARE |
| **--28th Senatorial District** | | | | | | |
| 2026C1005 | DEM | THOMAS JOHNSON | 2183 BALTIMORE PIKE | HANOVER | PA 17331- | YORK |
| 2026C0247 | REP | KRISTIN PHILLIPS-HILL | 278 PINE VIEW LANE | YORK | PA 17403 | YORK |
| **--30th Senatorial District** | | | | | | |
| 2026C1059 | DEM | SEAN STEEG | 1328 WASHINGTON STREET | HUNTINGDON | PA 16652- | HUNTINGDON |
| 2026C0243 | REP | JUDY WARD | PO BOX 288 | HOLLIDAYSBURG | PA 16648- | BLAIR |
| **--32nd Senatorial District** | | | | | | |
| 2026C1415 | DEM | JACOB CECIL | 846 PARK AVENUE | WINDBER | PA 15963- | SOMERSET |
| 2026C0248 | REP | PAT STEFANO | 491 PARK ROAD | SCOTTDALE | PA 15683- | FAYETTE |
| **--34th Senatorial District** | | | | | | |
| 2026C1146 | DEM | NATHAN WOOD | 361 PINE HILL ROAD | CARLISLE | PA 17013- | CUMBERLAND |
| 2026C0048 | REP | GREG ROTHMAN | 1 GUNPOWDER ROAD | MECHANICSBURG | PA 17050 | CUMBERLAND |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--36th Senatorial District** | | | | | | |
| 2026C0207 | DEM | JAMES ANDREW MALONE | 6580 HOLLOW DR | EAST PETERSBURG | PA 17520- | LANCASTER |
| 2026C0346 | REP | TOM JONES | 122 SADDLEBACK DRIVE | MARIETTA | PA 17547 | LANCASTER |
| **--38th Senatorial District** | | | | | | |
| 2026C0284 | DEM | LINDSEY WILLIAMS | 105 BRONX AVE | PITTSBURGH | PA 15229- | ALLEGHENY |
| 2026C0862 | REP | THOMAS WEST | 6046 JACKSON ST | PITTSBURGH | PA 15206 | ALLEGHENY |
| **--40th Senatorial District** | | | | | | |
| 2026C0322 | DEM | BRIAN WRIGHTSON | 1338 HAMPTON DR | ARCHBALD | PA 18403- | LACKAWANNA |
| 2026C0183 | REP | ROSEMARY BROWN | PO BOX 17 | TANNERSVILLE | PA 18372 | MONROE |
| **--42nd Senatorial District** | | | | | | |
| 2026C0175 | DEM | WAYNE D FONTANA | 1309 CREEDMOOR AVENUE | PITTSBURGH | PA 15226- | ALLEGHENY |
| **--44th Senatorial District** | | | | | | |
| 2026C0561 | DEM | KATIE MUTH | 316 EMERALD COURT | SPRING CITY | PA 19475- | CHESTER |
| 2026C0993 | REP | MELISSA DICRANIAN | 3049 MERLIN ROAD | CHESTER SPRINGS | PA 19425- | CHESTER |
| **--46th Senatorial District** | | | | | | |
| 2026C0522 | REP | CAMERA BARTOLOTTA | 127 CRESTVIEW MANOR | MONONGAHELA | PA 15063 | WASHINGTON |
| 2026C1445 | IND | JODI BORELLO | 1362 DEERFIELD ROAD | WASHINGTON | PA 15301- | WASHINGTON |
| **--48th Senatorial District** | | | | | | |
| 2026C1416 | DEM | WAYNE MOYER | 103 SELTZER AVENUE | WOMELSDORF | PA 19567- | BERKS |
| 2026C0216 | REP | CHRIS GEBHARD | 1451 QUENTIN ROAD SUITE 400 BOX 248 | LEBANON | PA 17042- | LEBANON |
| **--50th Senatorial District** | | | | | | |
| 2026C1417 | DEM | SUE MULVEY | 342 INDEPENDENCE COURT | SHARON | | MERCER |
| 2026C0560 | REP | MICHELE BROOKS | 301 ALGOMA STREET | JAMESTOWN | PA 16134 | MERCER |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **REPRESENTATIVE IN THE GENERAL ASSEMBLY** | | | | | | |
| **--1st Legislative District** | | | | | | |
| 2026C0772 | DEM | PATRICK J HARKINS | 2665 SCHLEY STREET | ERIE | PA 16508- | ERIE |
| **--2nd Legislative District** | | | | | | |
| 2026C1208 | D/R | BOB MERSKI | 625 JAMES PLACE | ERIE | PA 16509- | ERIE |
| **--3rd Legislative District** | | | | | | |
| 2026C0265 | DEM | RYAN A BIZZARRO | 5805 FOREST CROSSING | ERIE | PA 16506- | ERIE |
| 2026C1014 | REP | DONNA REESE | 2578 W 24TH STREET | ERIE | PA 16506- | ERIE |
| **--4th Legislative District** | | | | | | |
| 2026C0781 | DEM | KATHRYN DIVITTORIO | 152 PARK ST | CORRY | PA 16407- | ERIE |
| 2026C1036 | REP | JAKE BANTA | 13023 OLD PLANK ROAD | WATERFORD | PA 16441- | ERIE |
| **--5th Legislative District** | | | | | | |
| 2026C1114 | DEM | ANDRES R F SANTIAGO | 1207 INDEPENDENCE DRIVE | READING | PA 19609 | BERKS |
| 2026C0647 | REP | ERIC WEAKNECHT | 70 LESLIE ST | WERNERSVILLE | PA 19565 | BERKS |
| **--6th Legislative District** | | | | | | |
| 2026C0813 | DEM | MICHAEL WALKER | 425 BALDWIN ST | MEADVILLE | PA 16335 | CRAWFORD |
| 2026C0067 | REP | BRAD ROAE | 24520 PLANK ROAD | MEADVILLE | PA 16335- | CRAWFORD |
| **--7th Legislative District** | | | | | | |
| 2026C1418 | DEM | CHRISTOPHER A CRUMBY-FORD | 555 SOUTH OAKLAND AVENUE | SHARON | PA 16146- | MERCER |
| 2026C0165 | REP | PARKE WENTLING | 304 MERCER ROAD | GREENVILLE | PA 16125 | MERCER |
| **--8th Legislative District** | | | | | | |
| 2026C0945 | DEM | RICK TELESZ | PO BOX 152 | VOLANT | PA 16156- | LAWRENCE |
| 2026C0279 | REP | AARON BERNSTINE | 254 STATE ROUTE 168 | NEW GAILILEE | PA 16141- | LAWRENCE |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--9th Legislative District** | | | | | | |
| 2026C1338 | DEM | SHAY MICCO | 2404 OLD BUTLER RD | NEW CASTLE | PA 16101- | LAWRENCE |
| 2026C0832 | REP | MARLA GALLO BROWN | 244 DEVILS BACKBONE RD | NEW CASTLE | PA 16102 | LAWRENCE |
| **--10th Legislative District** | | | | | | |
| 2026C1118 | DEM | AMEN BROWN | 5233 SPRUCE ST | PHILADELPHIA | PA 19139- | PHILADELPHIA |
| **--11th Legislative District** | | | | | | |
| 2026C0230 | REP | MARCI MUSTELLO | 202 BELLEFIELD DRIVE | BUTLER | PA 16001 | BUTLER |
| **--12th Legislative District** | | | | | | |
| 2026C0749 | DEM | BRANDON DUKES | 525 TEN POINT LN | CRANBERRY TOWNSHIP | PA 16066- | BUTLER |
| 2026C0500 | REP | SCOTT TIMKO | 426 CANTERBURY TRAIL | CRANBERRY TOWNSHIP | PA 16066-4008 | BUTLER |
| **--13th Legislative District** | | | | | | |
| 2026C0516 | DEM | MADELYN ALVARINO | PO BOX 9 | WEST GROVE | PA 19390- | CHESTER |
| 2026C0425 | REP | JOHN LAWRENCE | 12 BRAMBLE LANE | WEST GROVE | PA 19390- | CHESTER |
| **--14th Legislative District** | | | | | | |
| 2026C1419 | DEM | JAKE YOUNG | 1450 3RD AVENUE, APT 209 | NEW BRIGHTON | PA 15066- | BEAVER |
| 2026C0549 | REP | ROMAN KOZAK | 3221 4TH AVE | BEAVER FALLS | PA 15010- | BEAVER |
| **--15th Legislative District** | | | | | | |
| 2026C1286 | DEM | SYDNEY SPEICHER | PO BOX 283 | MIDWAY | PA 15060- | WASHINGTON |
| 2026C0096 | REP | JOSHUA D KAIL | 131 GLENFIELD DR | BEAVER | PA 15009- | BEAVER |
| **--16th Legislative District** | | | | | | |
| 2026C0364 | DEM | ROBERT F MATZIE | 1028 HIGHLAND AVENUE | AMBRIDGE | PA 15003- | BEAVER |
| 2026C0548 | REP | JOHN COSTANZA | 107 TIGER LILLY DR | ALIQUIPPA | PA 15001- | BEAVER |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:31 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--17th Legislative District** | | | | | | |
| 2026C0676 | REP | TIM BONNER | 122 OLD HICKORY LN | GROVE CITY | PA 16127- | MERCER |
| **--18th Legislative District** | | | | | | |
| 2026C0538 | DEM | BRYAN ALLEN | PO BOX 262 | BENSALEM | PA 19020- | BUCKS |
| 2026C0268 | REP | KATHLEEN KC TOMLINSON | 1520 WOODBINE AVE | BENSALEM | PA 19020- | BUCKS |
| **--19th Legislative District** | | | | | | |
| 2026C0912 | DEM | AERION ANDREW ABNEY | PO BOX 99642 | PITTSBURGH | PA 15233- | ALLEGHENY |
| **--20th Legislative District** | | | | | | |
| 2026C0511 | DEM | EMILY KINKEAD | 1424 BECKHAM ST | PITTSBURGH | PA 15212 | ALLEGHENY |
| 2026C1427 | REP | JOSEPH AGUGLIA | 103 MARUTH DRIVE | PITTSBURGH | PA 15237- | ALLEGHENY |
| **--21st Legislative District** | | | | | | |
| 2026C0827 | DEM | LINDSAY POWELL | 1116 GOETTMAN STREET | PITTSBURGH | PA 15212 | ALLEGHENY |
| **--22nd Legislative District** | | | | | | |
| 2026C0083 | DEM | CE-CE GERLACH | 435 N HALL STREET | ALLENTOWN | PA 18102- | LEHIGH |
| 2026C0830 | REP | ROBERT E SMITH JR | 1060 E GORDON STREET | ALLENTOWN | PA 18109 | LEHIGH |
| **--23rd Legislative District** | | | | | | |
| 2026C1158 | DEM | DAN FRANKEL | 5329 FAIR OAKS ST | PITTSBURGH | PA 15217 | ALLEGHENY |
| **--24th Legislative District** | | | | | | |
| 2026C1265 | DEM | LA'TASHA D MAYES | PO BOX 5483 | PITTSBURGH | PA 15206- | ALLEGHENY |
| **--25th Legislative District** | | | | | | |
| 2026C0358 | DEM | BRANDON J MARKOSEK | 207 GLENWOOD DRIVE | MONROEVILLE | PA 15146- | ALLEGHENY |
| 2026C0733 | REP | AMY NOONE | 270 DARLAN HILL DR | PITTSBURGH | PA 15239- | ALLEGHENY |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--26th Legislative District** | | | | | | |
| 2026C0806 | DEM | PAUL FRIEL | 307 VALLEY HUNT DR | PHOENIXVILLE | PA 19460 | CHESTER |
| 2026C1428 | REP | SAMANTHA HOROSKY | PO BOX 157 | ST PETERS | PA 19470- | CHESTER |
| **--27th Legislative District** | | | | | | |
| 2026C0132 | DEM | DAN DEASY | 426 RIDGEMONT DRIVE | PITTSBURGH | PA 15220 | ALLEGHENY |
| **--28th Legislative District** | | | | | | |
| 2026C1315 | DEM | JEREMY FERDERBER | 1165 WOODHILL DRIVE | RICHLAND TOWNSHIP | PA 15044- | ALLEGHENY |
| 2026C0910 | REP | JEREMY SHAFFER | 526 SALEM HEIGHTS DR | GIBSONIA | PA 15044 | ALLEGHENY |
| **--29th Legislative District** | | | | | | |
| 2026C0237 | DEM | TIM BRENNAN | 102 SHEWELL AVE | DOYLESTOWN | PA 18901 | BUCKS |
| 2026C1205 | REP | SEAN DUFFY | 2959 ANTLER DRIVE | DOYLESTOWN | PA 18902 | BUCKS |
| **--30th Legislative District** | | | | | | |
| 2026C0026 | DEM | ARVIND VENKAT | 105 BRECKENRIDGE DR | WEXFORD | PA 15090- | ALLEGHENY |
| 2026C1431 | REP | LIBBY BLACKBURN | 1015 WOODLAND ROAD | PITTSBURGH | PA 15237- | ALLEGHENY |
| **--31st Legislative District** | | | | | | |
| 2026C0078 | DEM | PERRY WARREN | 149 ANDREW DRIVE | NEWTOWN BOROUGH | PA 18940 | BUCKS |
| **--32nd Legislative District** | | | | | | |
| 2026C0224 | DEM | JOE MCANDREW | 1718 OUTLOOK DR | VERONA | PA 15147- | ALLEGHENY |
| 2026C1432 | REP | GARY MOTOR | 214 OLIVIA DRIVE | NEW KENSINGTON | PA 15068- | ALLEGHENY |
| **--33rd Legislative District** | | | | | | |
| 2026C1157 | DEM | MANDY STEELE | 476 OLD MILL RD | PITTSBURGH | PA 15238 | ALLEGHENY |
| 2026C0846 | REP | MIKE HAMMILL | 203 PATRICIA RD | PITTSBURGH | PA 15215- | ALLEGHENY |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--34th Legislative District** | | | | | | |
| 2026C0465 | DEM | ABIGAIL SALISBURY | 7324 SCHOYER AVENUE | SWISSVALE | PA 15218 | ALLEGHENY |
| **--35th Legislative District** | | | | | | |
| 2026C0406 | DEM | DAN GOUGHNOUR | 421 DIEHL DRIVE | MCKEESPORT | PA 15132- | ALLEGHENY |
| 2026C1283 | REP | JIM EDWARDS | 3617 TRAUTMAN ST | MUNHALL | PA 15120- | ALLEGHENY |
| **--36th Legislative District** | | | | | | |
| 2026C1042 | DEM | JESSICA BENHAM | 2805 COBDEN ST | PITTSBURGH | PA 15203- | ALLEGHENY |
| 2026C1378 | REP | TIMOTHY MCCUNE | 3108 ELROY AVE | PITTSBURGH | PA 15227 | ALLEGHENY |
| **--37th Legislative District** | | | | | | |
| 2026C0712 | DEM | CHAD GLEISSL | 31 GREEN ACRE ROAD | LITITZ | PA 17543 | LANCASTER |
| 2026C0223 | REP | MINDY FEE | 174 N LINDEN ST | MANHEIM | PA 17545- | LANCASTER |
| **--38th Legislative District** | | | | | | |
| 2026C0375 | DEM | JOHN INGLIS | 417 LISA DR | WEST MIFFLIN | PA 15122- | ALLEGHENY |
| 2026C1433 | REP | STONE SOBIERALSKI | 106 KAY DRIVE | PITTSBURGH | PA 15236- | ALLEGHENY |
| **--39th Legislative District** | | | | | | |
| 2026C0525 | DEM | DYLAN ALTEMARA | 305 HIGH STREET | ELIZABETH | PA 15037-2537 | ALLEGHENY |
| 2026C0870 | REP | ANDREW KUZMA | 336 DUNCAN STATION RD | MCKEESPORT | PA 15135- | ALLEGHENY |
| **--40th Legislative District** | | | | | | |
| 2026C0376 | DEM | JON LLOYD | 627 GLENROCK DR | BETHEL PARK | PA 15102 | ALLEGHENY |
| 2026C0238 | REP | NATALIE MIHALEK | 120 HARDWOOD DRIVE | VENETIA | PA 15367-2318 | WASHINGTON |
| **--41st Legislative District** | | | | | | |
| 2026C0557 | DEM | BRAD CHAMBERS | 304 CHERRY STREET | COLUMBIA | PA 17512- | LANCASTER |
| 2026C1221 | REP | BRETT R MILLER | 959 WOODRIDGE BLVD | LANCASTER | PA 17601- | LANCASTER |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--42nd Legislative District** | | | | | | |
| 2026C0125 | DEM | JEN MAZZOCCO | 3237 EASTMONT AVENUE | PITTSBURGH | PA 15216 | ALLEGHENY |
| **--43rd Legislative District** | | | | | | |
| 2026C1393 | DEM | BRYAN PEIRSON | 115 MEADOW VALLEY RD | EPHRATA | PA 17522 | LANCASTER |
| 2026C0575 | REP | KEITH J GREINER | 405 MYER TERRACE | LEOLA | PA 17540- | LANCASTER |
| **--44th Legislative District** | | | | | | |
| 2026C0122 | DEM | HADLEY HAAS | PO BOX 285 | SEWICKLEY | PA 15143- | ALLEGHENY |
| 2026C0690 | REP | VALERIE GAYDOS | 315 PINE RD | SEWICKLEY | PA 15143- | ALLEGHENY |
| **--45th Legislative District** | | | | | | |
| 2026C0886 | DEM | BRITTANY BLOAM | PO BOX 15575 | MONTOUR | PA 15244- | ALLEGHENY |
| 2026C0819 | REP | JAMES JULIUS | 14 HODGKISS DRIVE | MCKEES ROCKS | PA 15136- | ALLEGHENY |
| **--46th Legislative District** | | | | | | |
| 2026C1160 | DEM | MIKE CROSSEY | 605 GANDER CIRCLE | BRIDGEVILLE | PA 15017 | ALLEGHENY |
| 2026C0084 | REP | JASON ORTITAY | 2007 TAMARACK COURT | MCDONALD | PA 15057- | WASHINGTON |
| **--47th Legislative District** | | | | | | |
| 2026C0997 | DEM | EDWARD RITTER | 1273 WINTERBERRY DRIVE | YORK | PA 17406- | YORK |
| 2026C0114 | REP | JOE D'ORSIE | 75 N 6TH ST | MOUNT WOLF | PA 17347- | YORK |
| **--48th Legislative District** | | | | | | |
| 2026C0909 | DEM | REBECCA MACTAGGART | 1255 LOCUST AVE | WASHINGTON | PA 15301- | WASHINGTON |
| 2026C0324 | REP | TIM ONEAL | 1345 MAPLEWOOD CIR | WASHINGTON | PA 15301- | WASHINGTON |
| **--49th Legislative District** | | | | | | |
| 2026C0435 | DEM | IZZY SMITH-WADE-EL | 447 S SHIPPEN STREET | LANCASTER | PA 17602- | LANCASTER |
| 2026C1366 | REP | VANESSA ACOSTA | 3502 LYNNE LANE | MILLERSVILLE | PA 17551 | LANCASTER |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--50th Legislative District** | | | | | | |
| 2026C1307 | DEM | LOIS BOWER-BJORNSON | 1578 EAST NATIONAL PIKE | SCENERY HILL | PA 15360- | WASHINGTON |
| 2026C0467 | REP | BEN HUMBLE | PO BOX 1006 | WAYNESBURG | PA 15370- | GREENE |
| **--51st Legislative District** | | | | | | |
| 2026C1097 | REP | CHARITY GRIMM KRUPA | 174 LARMAN MILL ROAD | SMITHFIELD | PA 15478 | FAYETTE |
| **--52nd Legislative District** | | | | | | |
| 2026C0211 | REP | RYAN WARNER | PO BOX 585 | PERRYOPOLIS | PA 15473- | FAYETTE |
| **--53rd Legislative District** | | | | | | |
| 2026C0184 | DEM | STEVE MALAGARI | 630 COLUMBIA AVENUE | LANSDALE | PA 19446 | MONTGOMERY |
| 2026C1464 | REP | YANNI LAMBROS | 323 SOUTH LINE STREET | LANSDALE | PA 19446- | MONTGOMERY |
| **--54th Legislative District** | | | | | | |
| 2026C0281 | DEM | GREG SCOTT | PO BOX 376 | NORRISTOWN | PA 19404- | MONTGOMERY |
| **--55th Legislative District** | | | | | | |
| 2026C1246 | DEM | DAVON MAGWOOD | 1325 KENNETH AVE | NEW KENSINGTON | PA 15068- | WESTMORELAND |
| 2026C0069 | REP | JILL COOPER | 8017 BREN-DINA CT | MURRYSVILLE | PA 15668 | WESTMORELAND |
| **--56th Legislative District** | | | | | | |
| 2026C0453 | REP | BRIAN RASEL | 114 CHRIS DRIVE | IRWIN | PA 15642- | WESTMORELAND |
| **--57th Legislative District** | | | | | | |
| 2026C0890 | DEM | ROB FRANCIS | 582 CADDY DRIVE | GREENSBURG | PA 15601- | WESTMORELAND |
| 2026C0057 | REP | ERIC NELSON | 165 WOLFE NURSERY ROAD | GREENSBURG | PA 15601- | WESTMORELAND |
| **--58th Legislative District** | | | | | | |
| 2026C1038 | DEM | CHERRI ROGERS | 915 NORTH HICKORY ST | SCOTTDALE | PA 15683 | WESTMORELAND |
| 2026C0254 | REP | ERIC DAVANZO | 371 STATE HILL ROAD | SMITHTON | PA 15479- | WESTMORELAND |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--59th Legislative District** | | | | | | |
| 2026C0887 | DEM | JORDAN OMLOR | 101 JOANNE DRIVE | LATROBE | PA 15650 | WESTMORELAND |
| 2026C0091 | REP | LESLIE ROSSI | PO BOX 31 | YOUNGSTOWN | PA 15696 | WESTMORELAND |
| **--60th Legislative District** | | | | | | |
| 2026C1253 | DEM | DUSTYN A DORN | 3900 RIVERVIEW STREET | LOWER BURRELL | PA 15068- | WESTMORELAND |
| 2026C0269 | REP | ABBY MAJOR | 615 1ST ST | LEECHBURG | PA 15656- | ARMSTRONG |
| **--61st Legislative District** | | | | | | |
| 2026C0150 | DEM | LIZ HANBIDGE | 515 MORRIS RD | AMBLER | PA 19002- | MONTGOMERY |
| 2026C1465 | REP | ANGELA ILLINGWORTH | 2201 KERR ROAD | HARLEYSVILLE | PA 19438- | MONTGOMERY |
| **--62nd Legislative District** | | | | | | |
| 2026C0780 | DEM | TRAJAN JONES | 140 MILLER AVE | INDIANA | PA 15701- | INDIANA |
| 2026C0290 | REP | JIM STRUZZI | 104 APACHE DRIVE | INDIANA | PA 15701- | INDIANA |
| **--63rd Legislative District** | | | | | | |
| 2026C0980 | DEM | ANDREW HARBAUGH | 958 1/2 CORBETT STREET | CLARION | PA 16214-1703 | CLARION |
| 2026C0374 | REP | JOSH BASHLINE | 130 S 4TH AVE | CLARION | PA 16214 | CLARION |
| **--64th Legislative District** | | | | | | |
| 2026C1357 | DEM | AMANDA SHAFFER | 5 ENGLEWOOD AVE | OIL CITY | PA 16301- | VENANGO |
| 2026C0793 | REP | R LEE JAMES | 114 WEST 2ND ST | OIL CITY | PA 16301- | VENANGO |
| **--65th Legislative District** | | | | | | |
| 2026C0766 | DEM | DESTINY HOWARD | 401 1/2 SOUTH STATE STREET | WARREN | PA 16365- | WARREN |
| 2026C0802 | REP | KATHY L RAPP | 3780 FOLLETT RUN RD | WARREN | PA 16365- | WARREN |
| **--66th Legislative District** | | | | | | |
| 2026C0897 | DEM | LISA GOURLEY | 18435 ROUTE 119 HIGHWAY N | PUNXSUTAWNEY | PA 15767- | INDIANA |
| 2026C0629 | REP | BRIAN SMITH | 925 WACHOB DR | PUNXSUTAWNEY | PA 15767- | JEFFERSON |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--67th Legislative District** | | | | | | |
| 2026C0761 | DEM | ZACHARY WARE | 76 DERRICK RD | BRADFORD | PA 16701 | McKEAN |
| 2026C0218 | REP | MARTIN T CAUSER | 146 LONG HOLLOW | TURTLEPOINT | PA 16750- | McKEAN |
| **--68th Legislative District** | | | | | | |
| 2026C1052 | DEM | QUENTIN GEE | 116 WATROUS ST | GAINES | PA 16921 | TIOGA |
| 2026C0241 | REP | CLINT OWLETT | 769 PLANK ROAD | MORRIS | PA 16938 | TIOGA |
| **--69th Legislative District** | | | | | | |
| 2026C0622 | REP | CARL WALKER METZGAR | 394 BEACHLEY HILL ROAD | SOMERSET | PA 15501- | SOMERSET |
| **--70th Legislative District** | | | | | | |
| 2026C0957 | DEM | MATT BRADFORD | 1406 REINER RD | EAGLEVILLE | PA 19403- | MONTGOMERY |
| **--71st Legislative District** | | | | | | |
| 2026C0082 | REP | JIM RIGBY | 912 AUSTIN STREET | JOHNSTOWN | PA 15905- | CAMBRIA |
| **--72nd Legislative District** | | | | | | |
| 2026C0559 | DEM | FRANK BURNS | 1654 WILLIAM PENN AVE APT 1 | JOHNSTOWN | PA 15909 | CAMBRIA |
| 2026C0782 | REP | PHIL RICE | 310 EAST HORNER STREET | EBENSBURG | PA 15931 | CAMBRIA |
| **--73rd Legislative District** | | | | | | |
| 2026C0448 | REP | DALLAS KEPHART | 699 HOUTZ STREET | HOUTZDALE | PA 16651- | CLEARFIELD |
| **--74th Legislative District** | | | | | | |
| 2026C0686 | DEM | DAN WILLIAMS | PO BOX 72162 | THORNDALE | PA 19372- | CHESTER |
| 2026C0580 | REP | LORENZO KELLEY | 9 EDIN LANE | COATESVILLE | PA 19320- | CHESTER |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--75th Legislative District** | | | | | | |
| 2026C0688 | DEM | KIM KOHLHEPP | PO BOX 544 | DUBOIS | PA 15801- | CLEARFIELD |
| 2026C0210 | REP | MIKE ARMANINI | 123 BAY BERRY DRIVE | DUBOIS | PA 15801- | CLEARFIELD |
| **--76th Legislative District** | | | | | | |
| 2026C0730 | DEM | SARA EGGLER | 577 MCCLAIN ROGERS ROAD | HOWARD | PA 16841- | CLINTON |
| 2026C0104 | REP | STEPHANIE BOROWICZ | PO BOX 43 | MCELHATTAN | PA 17748- | CLINTON |
| **--77th Legislative District** | | | | | | |
| 2026C0063 | DEM | H SCOTT CONKLIN | 339 KEPP ROAD | PHILIPSBURG | PA 16866- | CENTRE |
| 2026C1183 | REP | MICHELLE SCHELLBERG | 250 GENESIS DR | PORT MATILDA | PA 16870- | CENTRE |
| **--78th Legislative District** | | | | | | |
| 2026C0157 | REP | JESSE TOPPER | 676 E WATSON ST | BEDFORD | PA 15522- | BEDFORD |
| **--79th Legislative District** | | | | | | |
| 2026C1167 | DEM | CALEB MCCOY | 1327 30TH AVE | ALTOONA | PA 16601- | BLAIR |
| 2026C0534 | REP | ANDREA C VEROBISH | 122 DOGWOOD LN | DUNCANSVILLE | PA 16635- | BLAIR |
| **--80th Legislative District** | | | | | | |
| 2026C1166 | DEM | SARAH HOLLAND | 4427 CLOVER CREEK RD | WILLIAMSBURG | PA 16693- | BLAIR |
| 2026C0536 | REP | SCOTT BARGER | 717 TURKEY VALLEY ROAD | HOLLIDAYSBURG | PA 16648- | BLAIR |
| **--81st Legislative District** | | | | | | |
| 2026C0971 | DEM | CALEB J DONAHUE | 11480 SPRING AVENUE | MOUNT UNION | PA 17066- | HUNTINGDON |
| 2026C0682 | REP | RICH IRVIN | 3661 JOHNSON HILL RD | TYRONE | PA 16686 | HUNTINGDON |
| **--82nd Legislative District** | | | | | | |
| 2026C0070 | DEM | PAUL TAKAC | PO BOX 1142 | LEMONT | PA 16851 | CENTRE |
| 2026C0859 | REP | KIRSTEN MCTERNAN | 178 BRUSH VALLEY RD | BOALSBURG | PA 16827- | CENTRE |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--83rd Legislative District** | | | | | | |
| 2026C0466 | REP | JAMIE L FLICK | 445 SYLVAN DELL PARK RD | SOUTH WILLIAMSPORT | PA 17702- | LYCOMING |
| **--84th Legislative District** | | | | | | |
| 2026C0234 | REP | JOE HAMM | 3662 PLEASANT VALLEY ROAD | COGAN STATION | PA 17728- | LYCOMING |
| **--85th Legislative District** | | | | | | |
| 2026C0160 | REP | DAVID H ROWE | 270 HAWTHORNE DRIVE | LEWISBURG | PA 17837 | UNION |
| **--86th Legislative District** | | | | | | |
| 2026C1089 | DEM | WENDY MORGAN | 21 DRAGONFLY LANE | NEW BLOOMFIELD | PA 17068 | PERRY |
| 2026C0259 | REP | PERRY STAMBAUGH | 250 GREEN PARK RD | GREEN PARK | PA 17024- | PERRY |
| **--87th Legislative District** | | | | | | |
| 2026C1085 | DEM | JESSICA ST CLAIR | 923 PETERSBURG RD | CARLISLE | PA 17015- | CUMBERLAND |
| 2026C0488 | REP | THOMAS KUTZ | 110 STEVEN DR | MECHANICSBURG | PA 17050 | CUMBERLAND |
| **--88th Legislative District** | | | | | | |
| 2026C0208 | DEM | SARA AGERTON | 52 W SIMPSON ST | MECHANICSBURG | PA 17055- | CUMBERLAND |
| 2026C1359 | REP | JEFF CLARK | 5305 MENDENHALL DR | MECHANICSBURG | PA 17050- | CUMBERLAND |
| **--89th Legislative District** | | | | | | |
| 2026C1046 | DEM | SHANNON MICHAEL JACKSON | 333 SOUTH COLDBROOK AVENUE | CHAMBERSBURG | PA 17201- | FRANKLIN |
| 2026C0246 | REP | ROB KAUFFMAN | PO BOX 1179 | CHAMBERSBURG | PA 17201- | FRANKLIN |
| **--90th Legislative District** | | | | | | |
| 2026C0654 | REP | CHAD G REICHARD | 305 ANTIETAM DRIVE | WAYNESBORO | PA 17268- | FRANKLIN |
| **--91st Legislative District** | | | | | | |
| 2026C0750 | DEM | KATHLEEN PRATT | 105 FRIENDSHIP LANE | GETTYSBURG | PA 17325- | ADAMS |
| 2026C0589 | REP | DAN MOUL | 45 SANDY COURT | HANOVER | PA 17331- | ADAMS |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--92nd Legislative District** | | | | | | |
| 2026C0991 | DEM | KRISTA JEAN ANDERSON | 146 S 2ND STREET | DILLSBURG | PA 17019- | YORK |
| 2026C0423 | REP | MARC ANDERSON | 13 MONTADALE DR | DILLSBURG | PA 17019- | YORK |
| **--93rd Legislative District** | | | | | | |
| 2026C0999 | DEM | MISSY BARNES | 839 COUGAR POINTE CIRCLE | SEVEN VALLEYS | PA 17360 | YORK |
| 2026C0610 | REP | MIKE JONES | 2576 FAIRWAY DR | YORK | PA 17402- | YORK |
| **--94th Legislative District** | | | | | | |
| 2026C1244 | DEM | KONNOR JOHN-RICHARD GRIMEK | 165 NINA DRIVE | YORK | PA 17402 | YORK |
| 2026C0368 | REP | WENDY FINK | 685 SNYDER CORNER RD | RED LION | PA 17356- | YORK |
| **--95th Legislative District** | | | | | | |
| 2026C1009 | DEM | CAROL HILL-EVANS | 227 IRVING RD | YORK | PA 17403 | YORK |
| 2026C1047 | REP | JASMINE RIVERA | 422 N HARTLEY ST | YORK | PA 17404- | YORK |
| **--96th Legislative District** | | | | | | |
| 2026C0470 | DEM | NIKKI RIVERA | 375 ARBOR ROAD | LANCASTER | PA 17601- | LANCASTER |
| 2026C0979 | REP | BABITA RUSYN | 524 CHELTENHAM COURT | LITITZ | PA 17543 | LANCASTER |
| **--97th Legislative District** | | | | | | |
| 2026C1290 | DEM | JESS BRANAS | 413 GREENLAND DRIVE | LANCASTER | PA 17602 | LANCASTER |
| 2026C0108 | REP | STEVE MENTZER | 1680 NEW HOLLAND PIKE | LANCASTER | PA 17601- | LANCASTER |
| **--98th Legislative District** | | | | | | |
| 2026C1179 | DEM | HUGH DARLINGTON | 12 SILVER DRIVE | ELIZABETHTOWN | PA 17022 | LANCASTER |
| 2026C1034 | REP | NICKY WOODS | 1943 S MARKET STREET | ELIZABETHTOWN | PA 17022- | LANCASTER |
| 2026C1450 | INT | JOSHUA DEERING | 33 FRANK STREET | MOUNT JOY | PA 17552- | LANCASTER |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--99th Legislative District** | | | | | | |
| 2026C1389 | DEM | ETHAN GABRICK | PO BOX 2238 | READING | PA 19607- | BERKS |
| 2026C0481 | REP | DAVE ZIMMERMAN | 314 DEERFIELD DR | EAST EARL | PA 17519- | LANCASTER |
| **--100th Legislative District** | | | | | | |
| 2026C0892 | REP | DAVE NISSLEY | 363 S VINTAGE RD | PARADISE | PA 17562 | LANCASTER |
| 2026C1449 | INT | DALE HAMBY | 2 FAIR WINDS LANE | QUARRYVILLE | PA 17566- | LANCASTER |
| **--101st Legislative District** | | | | | | |
| 2026C0181 | REP | JOHN SCHLEGEL | 177 NORWAY LN | LEBANON | PA 17042- | LEBANON |
| **--102nd Legislative District** | | | | | | |
| 2026C1420 | DEM | MATTHEW DUVALL | 246 WEST MAIN STREET | ANNVILLE | PA 17003- | LEBANON |
| 2026C1111 | REP | RUSS DIAMOND | 305 WEST SHERIDAN AVE | ANNVILLE | PA 17003 | LEBANON |
| **--103rd Legislative District** | | | | | | |
| 2026C0199 | DEM | NATE DAVIDSON | 2650 N 2ND ST | HARRISBURG | PA 17110- | DAUPHIN |
| 2026C1434 | REP | CINDI WARD | 107 SALT ROAD | ENOLA | PA 17025- | CUMBERLAND |
| **--104th Legislative District** | | | | | | |
| 2026C0718 | DEM | DAVE MADSEN | 2304 CHESTNUT ST | HARRISBURG | PA 17104- | DAUPHIN |
| **--105th Legislative District** | | | | | | |
| 2026C0747 | DEM | JUSTIN FLEMING | 109 FAWN COURT | HARRISBURG | PA 17110- | DAUPHIN |
| **--106th Legislative District** | | | | | | |
| 2026C0650 | DEM | ANJU SINGH | 103 CARDINAL LANE | HUMMELSTOWN | PA 17036- | DAUPHIN |
| 2026C0059 | REP | TOM MEHAFFIE | 921 EBENEZER RD | MIDDLETOWN | PA 17057 | DAUPHIN |
| **--107th Legislative District** | | | | | | |
| 2026C1381 | DEM | RYAN T COLEMAN | 313 S GOOD SPRING RD | HEGINS | PA 17938- | SCHUYLKILL |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| 2026C0853 | REP | JOANNE STEHR | 111 E MOUNTAIN RD | HEGINS | PA 17938- | SCHUYLKILL |
| **--108th Legislative District** | | | | | | |
| 2026C1275 | DEM | AMBER L NEIDIG | 732 BLOOM RD | DANVILLE | PA 17821- | MONTOUR |
| 2026C0360 | REP | MICHAEL STENDER | 187 E HAAS MANOR RD | SUNBURY | PA 17801- | NORTHUMBERLAND |
| **--109th Legislative District** | | | | | | |
| 2026C1084 | DEM | JUSTIN C HUMMEL | 147 E 11TH STREET | BLOOMSBURG | PA 17815- | COLUMBIA |
| 2026C0190 | REP | ROBERT LEADBETER | 18 TELEOIS WAY | CATAWISSA | PA 17820 | COLUMBIA |
| **--110th Legislative District** | | | | | | |
| 2026C1137 | DEM | PAMELA J HEMANN | 579 MCMICKEN RD | MESHOPPEN | PA 18630 | WYOMING |
| 2026C0430 | REP | TINA PICKETT | 320 MAIN ST | TOWANDA | PA 18848 | BRADFORD |
| **--111th Legislative District** | | | | | | |
| 2026C1108 | DEM | KYLE DEVLIN | PO BOX 201 | SUSQUEHANNA | PA 18847- | SUSQUEHANNA |
| 2026C0329 | REP | JONATHAN FRITZ | 101 BEECHNUT ROAD | HONESDALE | PA 18431- | WAYNE |
| **--112th Legislative District** | | | | | | |
| 2026C1094 | DEM | KYLE J MULLINS | 105 WOODLAND DRIVE | PECKVILLE | PA 18452- | LACKAWANNA |
| 2026C1310 | REP | JOSEPH J SABIA JR | 117 N COUGAR DR | ARCHBALD | PA 18403- | LACKAWANNA |
| **--113th Legislative District** | | | | | | |
| 2026C1073 | DEM | KYLE T DONAHUE | 621 GIBBONS STREET | SCRANTON | PA 18505 | LACKAWANNA |
| 2026C1104 | REP | LUCAS O'BRIEN | 307 NORTH MAIN ST | MOSCOW | PA 18444- | LACKAWANNA |
| **--114th Legislative District** | | | | | | |
| 2026C0952 | DEM | BRIDGET MALLOY KOSIEROWSKI | 6 STARLIGHT DR | WAVERLY TOWNSHIP | PA 18411- | LACKAWANNA |
| 2026C0895 | REP | LOGAN LOMBARDO | 718 WINOLA RD | CLARKS SUMMIT | PA 18411 | LACKAWANNA |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--115th Legislative District** | | | | | | |
| 2026C0966 | DEM | MAUREEN MADDEN | 7404 VENTNOR DR | TOBYHANNA | PA 18466- | MONROE |
| 2026C1040 | REP | RICH SZABO | 4277 SYLVAN LN | POCONO SUMMIT | PA 18346- | MONROE |
| **--116th Legislative District** | | | | | | |
| 2026C0554 | REP | DANE WATRO | 241 SILVERBROOK RD | MCADOO | PA 18237- | SCHUYLKILL |
| **--117th Legislative District** | | | | | | |
| 2026C1081 | DEM | JEREMY BENSCOTER | PO BOX 102 | HUNLOCK CREEK | PA 18621 | LUZERNE |
| 2026C0235 | REP | JAMIE WALSH | 8 POST OFFICE ROAD | SWEET VALLEY | PA 18656- | LUZERNE |
| **--118th Legislative District** | | | | | | |
| 2026C0480 | DEM | JIM HADDOCK | 855 SUSCON ROAD | PITTSTON TOWNSHIP | PA 18640- | LUZERNE |
| 2026C0581 | REP | JOHN LOMBARDO | 78 MILL ST | PITTSTON | PA 18640- | LUZERNE |
| **--119th Legislative District** | | | | | | |
| 2026C1032 | DEM | LAUREN MCCURDY | 115 JACOBS LADDER | MOUNTAIN TOP | PA 18707 | LUZERNE |
| 2026C1126 | REP | ALEC J RYNCAVAGE | 28 MARIA DR | HANOVER TWP | PA 18706- | LUZERNE |
| **--120th Legislative District** | | | | | | |
| 2026C1077 | DEM | FERN LEARD | 115 LINCOLN ST | DALLAS | PA 18612- | LUZERNE |
| 2026C0874 | REP | BRENDA PUGH | PO BOX H | DALLAS | PA 18612- | LUZERNE |
| **--121st Legislative District** | | | | | | |
| 2026C0899 | DEM | JESSICA MCCLAY | 463 N PENNSYLVANIA AVE | WILKES-BARRE | PA 18702 | LUZERNE |
| 2026C0582 | REP | MIKE HAROSTOCK | 420 W LAKE RD | BEAR CREEK | PA 18602- | LUZERNE |
| **--122nd Legislative District** | | | | | | |
| 2026C1422 | DEM | CHRISTIAN BARTULOVICH | 49 WARGO DRIVE | JIM THORPE | PA 18229- | CARBON |
| 2026C0261 | REP | DOYLE HEFFLEY | 140 IRONWOOD ROAD | PALMERTON | PA 18071 | CARBON |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--123rd Legislative District** | | | | | | |
| 2026C1333 | DEM | JOHN DEATRICH | 404 EAST BACON STREET | POTTSVILLE | PA 17901- | SCHUYLKILL |
| 2026C0556 | REP | TIM TWARDZIK | 200 BUTLER ROAD | FRACKVILLE | PA 17931-2014 | SCHUYLKILL |
| **--124th Legislative District** | | | | | | |
| 2026C0796 | DEM | TINA BURNS | 321 OWL CREEK RD | TAMAQUA | PA 18252- | SCHUYLKILL |
| 2026C0740 | REP | JAMIE BARTON | 40 WALNUT DR | ORWIGSBURG | PA 17961- | SCHUYLKILL |
| **--125th Legislative District** | | | | | | |
| 2026C0961 | DEM | KATHRYN WATERS | 2441 EAST BAYBERRY DRIVE | HARRISBURG | PA 17112- | DAUPHIN |
| 2026C0086 | REP | JOE KERWIN | 137 WILT BLVD | MILLERSBURG | PA 17061- | DAUPHIN |
| **--126th Legislative District** | | | | | | |
| 2026C0992 | DEM | JACKLYN RUSNOCK | 4320 DANOR DR | READING | PA 19605- | BERKS |
| 2026C1329 | REP | MIGUEL VASQUEZ | 608 MOUNT LAUREL AVE | TEMPLE | PA 19560- | BERKS |
| **--127th Legislative District** | | | | | | |
| 2026C0963 | DEM | MANNY GUZMAN | 702 N 8TH STREET APT 313 | READING | PA 19604- | BERKS |
| **--128th Legislative District** | | | | | | |
| 2026C0473 | DEM | ANDY WAGNER | 801 W 8TH ST | BIRDSBORO | PA 19508- | BERKS |
| 2026C0047 | REP | MARK M GILLEN | 138 HANNA KURTZ ROAD | BIRDSBORO | PA 19508- | BERKS |
| **--129th Legislative District** | | | | | | |
| 2026C0725 | DEM | JOHANNY CEPEDA-FREYTIZ | 144 WALNUT STREET | READING | PA 19601- | BERKS |
| **--130th Legislative District** | | | | | | |
| 2026C0911 | DEM | ERIK BONNETT | 110 VILLAGE DRIVE | BLANDON | PA 19510- | BERKS |
| 2026C0110 | REP | MELISSA BREWER | 210 MAIN STREET | OLEY | PA 19547- | BERKS |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--131st Legislative District** | | | | | | |
| 2026C0723 | DEM | MERIAM SABIH | 6195 BLUE BELLE DRIVE | CENTER VALLEY | PA 18034- | LEHIGH |
| 2026C0407 | REP | MILOU MACKENZIE | 2050 DENNIS LANE | BETHLEHEM | PA 18015- | NORTHAMPTON |
| **--132nd Legislative District** | | | | | | |
| 2026C0219 | DEM | MIKE SCHLOSSBERG | 2905 W HIGHLAND STREET | ALLENTOWN | PA 18104- | LEHIGH |
| 2026C1347 | REP | CAREN LOWREY | 1492 CEDARWOOD RD | ALLENTOWN | PA 18104- | LEHIGH |
| **--133rd Legislative District** | | | | | | |
| 2026C0090 | DEM | JEANNE MCNEILL | 3163 N FRONT ST | WHITEHALL | PA 18052 | LEHIGH |
| **--134th Legislative District** | | | | | | |
| 2026C0904 | DEM | PETER SCHWEYER | 1529 CATALINA AVE | ALLENTOWN | PA 18103 | LEHIGH |
| 2026C1340 | REP | MIRIAM MALDONADO | 914 GENESEE ST | ALLENTOWN | PA 18103- | LEHIGH |
| **--135th Legislative District** | | | | | | |
| 2026C0684 | DEM | STEVE SAMUELSON | 2665 WEST BLVD | BETHLEHEM | PA 18017 | NORTHAMPTON |
| 2026C1004 | REP | JOE POPLAWSKI | 2404 EAST BLVD | BETHLEHEM | PA 18017- | NORTHAMPTON |
| **--136th Legislative District** | | | | | | |
| 2026C0656 | DEM | ROBERT FREEMAN | 711 BURKE STREET | EASTON | PA 18042- | NORTHAMPTON |
| 2026C0679 | REP | PILAR CAVALLO-CAMPISI | 445 S DELAWARE DR | EASTON | PA 18042- | NORTHAMPTON |
| **--137th Legislative District** | | | | | | |
| 2026C0855 | DEM | JEFF WARREN | 4000 TRYTHALL STREET | BETHLEHEM | PA 18020 | NORTHAMPTON |
| 2026C0117 | REP | JOE EMRICK | 2312 BLUE JAY DRIVE | NAZARETH | PA 18064 | NORTHAMPTON |
| **--138th Legislative District** | | | | | | |
| 2026C1258 | DEM | JARED BITTING | 138 CLOVERSHIRE DRIVE | NAZARETH | PA 18064- | NORTHAMPTON |
| 2026C0196 | REP | ANN FLOOD | 2157 WEST DELL ROAD | BATH | PA 18014- | NORTHAMPTON |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--139th Legislative District** | | | | | | |
| 2026C1086 | DEM | DOMINIQUE AZZOLLINI | 547 SAWKILL ROAD | MILFORD | PA 18337 | PIKE |
| 2026C0056 | REP | JEFF OLSOMMER | PO BOX 893 | HAMLIN | PA 18427- | WAYNE |
| **--140th Legislative District** | | | | | | |
| 2026C0379 | DEM | JIM PROKOPIAK | 32 BUTTERFLY LN | LEVITTOWN | PA 19054- | BUCKS |
| 2026C1061 | REP | MICHAEL J GETTIS | 1 PENNSYLVANIA AVE | FAIRLESS HILLS | PA 19030- | BUCKS |
| **--141st Legislative District** | | | | | | |
| 2026C0293 | DEM | TINA DAVIS | 409 HARRIS AVENUE | CROYDON | PA 19021- | BUCKS |
| 2026C0962 | REP | KEN VELEZ | 800 ARTHUR AVE | BRISTOL | PA 19007 | BUCKS |
| **--142nd Legislative District** | | | | | | |
| 2026C0498 | DEM | KRISTIN EGAN | PO BOX 7030 | PENNDEL | PA 19047- | BUCKS |
| 2026C0262 | REP | JOE HOGAN | 193 EATON CT | LANGHORNE | PA 19047- | BUCKS |
| **--143rd Legislative District** | | | | | | |
| 2026C0027 | DEM | TIM HAYES | 716 MANOR DRIVE | DUBLIN | PA 18917- | BUCKS |
| 2026C0388 | REP | SHELBY LABS | 5932 KELLERS CHURCH ROAD | PIPERSVILLE | PA 18947- | BUCKS |
| 2026C1453 | FWI | CHRIS GAMBINO | 5085 REBECCA FELL DRIVE | DOYLESTOWN | PA 18902- | BUCKS |
| **--144th Legislative District** | | | | | | |
| 2026C0250 | DEM | BRIAN MUNROE | 1226 IRMA RD | WARMINSTER | PA 18974 | BUCKS |
| 2026C0256 | REP | MIKE MURPHY | 2266 FOREST GLEN DR | WARRINGTON | PA 18976- | BUCKS |
| **--145th Legislative District** | | | | | | |
| 2026C0170 | REP | CRAIG STAATS | 1613 SALEM LN | QUAKERTOWN | PA 18951 | BUCKS |
| 2026C1446 | IND | REBECCA PRENDERGAST | 1765 STATE ROAD | COOPERSBURG | PA 18036- | BUCKS |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--146th Legislative District** | | | | | | |
| 2026C0154 | DEM | JOE CIRESI | 120 CONNOR DRIVE | ROYERSFORD | PA 19468 | MONTGOMERY |
| 2026C1467 | REP | JEFFREY T FARTRO | 843 VILLAGE LANE | POTTSTOWN | PA 19464-7217 | MONTGOMERY |
| **--147th Legislative District** | | | | | | |
| 2026C0760 | DEM | MARGARET BURKE | 452 PARK AVE | HARLEYSVILLE | PA 19438- | MONTGOMERY |
| 2026C0338 | REP | DONNA M SCHEUREN | 98 KINSEY RD | HARLEYSVILLE | PA 19438- | MONTGOMERY |
| **--148th Legislative District** | | | | | | |
| 2026C1088 | DEM | MEGAN GRIFFIN-SHELLEY | 4079 OAK LANE | LAFAYETTE HILL | PA 19444- | MONTGOMERY |
| **--149th Legislative District** | | | | | | |
| 2026C0433 | DEM | TIM BRIGGS | PO BOX 62193 | KING OF PRUSSIA | PA 19406- | MONTGOMERY |
| **--150th Legislative District** | | | | | | |
| 2026C0287 | DEM | JOE WEBSTER | 110 TYSON MILL RD | COLLEGEVILLE | PA 19426- | MONTGOMERY |
| 2026C1468 | REP | FRANK J PASTELLA | 4 TARA DRIVE | ROYERSFORD | PA 19468- | MONTGOMERY |
| **--151st Legislative District** | | | | | | |
| 2026C0073 | DEM | MELISSA CERRATO | 13 HEATHER LANE | HORSHAM | PA 19044- | MONTGOMERY |
| 2026C1469 | REP | ALLEN ARTHUR ANDERSON | 1132 WYTHE BOULEVARD | AMBLER | PA 19002- | MONTGOMERY |
| **--152nd Legislative District** | | | | | | |
| 2026C0704 | DEM | NANCY GUENST | 206 ACADEMY RD | HATBORO | PA 19040 | MONTGOMERY |
| 2026C1470 | REP | ERIC MAIER | 1320 WELSH ROAD | HUNTINGDON VALLEY | PA 19006- | MONTGOMERY |
| **--153rd Legislative District** | | | | | | |
| 2026C0156 | DEM | BEN SANCHEZ | 356 EVERGREEN ROAD | JENKINTOWN | PA 19046- | MONTGOMERY |
| 2026C0985 | REP | CORY L TONER | 16 NORTH SYLVANIA AVENUE | ROCKLEDGE | PA 19046-4268 | MONTGOMERY |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--154th Legislative District** | | | | | | |
| 2026C1092 | DEM | NAPOLEON NELSON | 18 POE AVENUE | WYNCOTE | PA 19095 | MONTGOMERY |
| 2026C1461 | PFP | STEPHANIE BERARDI | 8806 CURTIS TERRACE | GLENSIDE | PA 19038- | MONTGOMERY |
| **--155th Legislative District** | | | | | | |
| 2026C0547 | DEM | DANIELLE FRIEL OTTEN | 400 DEVON DRIVE | EXTON | PA 19341- | CHESTER |
| **--156th Legislative District** | | | | | | |
| 2026C0638 | DEM | CHRIS PIELLI | 1233 WOODED WAY | WEST CHESTER | PA 19380- | CHESTER |
| 2026C1392 | REP | KRIS R VOLLRATH | 2 WEST RHODES AVENUE | WEST CHESTER | PA 19382 | CHESTER |
| **--157th Legislative District** | | | | | | |
| 2026C0369 | DEM | MELISSA SHUSTERMAN | 385 SHELBOURNE LANE | PHOENIXVILLE | PA 19460 | CHESTER |
| 2026C1278 | REP | JUSTIN J PAK | 201 HAMPSTEAD PL | WEST CHESTER | PA 19382- | CHESTER |
| **--158th Legislative District** | | | | | | |
| 2026C0748 | DEM | CHRISTINA D SAPPEY | 1431 TELEGRAPH ROAD | WEST CHESTER | PA 19380 | CHESTER |
| **--159th Legislative District** | | | | | | |
| 2026C1321 | DEM | CAROL KAZEEM | 837 EAST 16TH ST | CHESTER | PA 19013- | DELAWARE |
| 2026C1438 | REP | MIKE BANNON JR | 512 GREENHILL DRIVE | UPPER CHICHESTER | PA 19061- | DELAWARE |
| **--160th Legislative District** | | | | | | |
| 2026C0191 | DEM | ELIZABETH MORO | 100 MCFADDEN ROAD | CHADDS FORD | PA 19317- | CHESTER |
| 2026C0657 | REP | CRAIG WILLIAMS | 61 RUNNING BROOK ROAD | GLEN MILLS | PA 19342 | DELAWARE |
| **--161st Legislative District** | | | | | | |
| 2026C0276 | DEM | LEANNE KRUEGER | PO BOX 22 | SWARTHMORE | PA 19081- | DELAWARE |
| 2026C1439 | REP | JOHN MANCINELLI JR | 3060 HETHERTON DRIVE | ASTON | PA 19014- | DELAWARE |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--162nd Legislative District** | | | | | | |
| 2026C0789 | DEM | DAVE DELLOSO | 2136 HIGHLAND AVE | MORTON | PA 19070 | DELAWARE |
| 2026C1235 | REP | MIKE MURPHY | 13 BENSON DR | GLENOLDEN | PA 19036- | DELAWARE |
| **--163rd Legislative District** | | | | | | |
| 2026C1019 | DEM | HEATHER BOYD | 315 UPLAND WAY | DREXEL HILL | PA 19026- | DELAWARE |
| **--164th Legislative District** | | | | | | |
| 2026C1214 | DEM | GINA H CURRY | PO BOX 1241 | LANSDOWNE | PA 19050- | DELAWARE |
| **--165th Legislative District** | | | | | | |
| 2026C0415 | DEM | JENNIFER O'MARA | 618 PROSPECT RD | SPRINGFIELD | PA 19064 | DELAWARE |
| 2026C0697 | REP | DEIRDRE MCCLEARY | 21 SILVER LAKE TER APT 16 | MORTON | PA 19070- | DELAWARE |
| **--166th Legislative District** | | | | | | |
| 2026C1053 | DEM | JUDY TROMBETTA | 2113 DARBY CREEK ROAD | HAVERTOWN | PA 19083- | DELAWARE |
| 2026C1234 | REP | JOE WALKER | 538 SAGAMORE RD | HAVERTOWN | PA 19083 | DELAWARE |
| **--167th Legislative District** | | | | | | |
| 2026C0803 | DEM | KRISTINE HOWARD | 55 FRAZER RD | MALVERN | PA 19355- | CHESTER |
| 2026C1313 | REP | JOE LEWIS | 1 BERNER LN | MALVERN | PA 19355- | CHESTER |
| **--168th Legislative District** | | | | | | |
| 2026C0345 | DEM | LISA A BOROWSKI | 852 GOSHEN ROAD | NEWTOWN SQUARE | PA 19073- | DELAWARE |
| 2026C1237 | REP | KATHRYN BUCKLEY | 1070 ANTLER DR | GLEN MILLS | PA 19342- | DELAWARE |
| **--169th Legislative District** | | | | | | |
| 2026C1003 | DEM | AUSTIN GRAHAM | 229 BROADWAY | HANOVER | PA 17331- | YORK |
| 2026C0277 | REP | KATE A KLUNK | 7 OAK ST | HANOVER | PA 17331- | YORK |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--170th Legislative District** | | | | | | |
| 2026C1048 | DEM | ROB GURTCHEFF | 11742 LANETT RD | PHILADELPHIA | PA 19154- | PHILADELPHIA |
| 2026C1090 | REP | MARTINA WHITE | 11819 COLMAN TERRACE | PHILADELPHIA | PA 19154- | PHILADELPHIA |
| **--171st Legislative District** | | | | | | |
| 2026C0729 | DEM | JOHN ZANGARI | 111 S WALNUT ST | LEWISTOWN | PA 17044- | MIFFLIN |
| 2026C0463 | REP | KERRY A BENNINGHOFF | 704 WEST LAMB STREET | BELLEFONTE | PA 16823- | CENTRE |
| **--172nd Legislative District** | | | | | | |
| 2026C0260 | DEM | SEAN M DOUGHERTY | 425 HARTEL AVE | PHILADELPHIA | PA 19111- | PHILADELPHIA |
| **--173rd Legislative District** | | | | | | |
| 2026C0188 | DEM | PAT GALLAGHER | 5024 N CONVENT LN APT E | PHILADELPHIA | PA 19114- | PHILADELPHIA |
| 2026C0659 | REP | BILL GRIFFIN | 8629 YALE PL | PHILADELPHIA | PA 19136 | PHILADELPHIA |
| **--174th Legislative District** | | | | | | |
| 2026C0321 | DEM | ED NEILSON | 3812 CHALFONT DR | PHILADELPHIA | PA 19154- | PHILADELPHIA |
| **--175th Legislative District** | | | | | | |
| 2026C0162 | DEM | MARYLOUISE ISAACSON | 225 FAIRMOUNT AVE | PHILADELPHIA | PA 19123- | PHILADELPHIA |
| **--176th Legislative District** | | | | | | |
| 2026C1424 | DEM | THOMAS KUCER | 450 RIDGE ROAD | STROUDSBURG | PA 18360- | MONROE |
| 2026C0185 | REP | JACK RADER | PO BOX 297 | REEDERS | PA 18352 | MONROE |
| **--177th Legislative District** | | | | | | |
| 2026C0180 | DEM | JOE HOHENSTEIN | 1117 WAKELING ST | PHILADELPHIA | PA 19124- | PHILADELPHIA |
| 2026C0526 | REP | ROBYN BIRD | 3184 LIVINGSTON ST | PHILADELPHIA | PA 19134- | PHILADELPHIA |
| **--178th Legislative District** | | | | | | |
| 2026C0514 | DEM | MONICA WENINGER | 1519 HUNTLY DRIVE | WARRINGTON | PA 18976- | BUCKS |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| 2026C0094 | REP | KRISTIN MARCELL | 87 HAMPTON COURT | WRIGHTSTOWN | PA 18940 | BUCKS |
| **--179th Legislative District** | | | | | | |
| 2026C0081 | DEM | JASON T DAWKINS | 5003 E ROOSEVELT BLVD | PHILADELPHIA | PA 19124- | PHILADELPHIA |
| **--180th Legislative District** | | | | | | |
| 2026C0149 | DEM | JOSE A GIRAL | 1434 EAST BRISTOL ST | PHILADELPHIA | PA 19124 | PHILADELPHIA |
| **--181st Legislative District** | | | | | | |
| 2026C0024 | DEM | MALCOLM KENYATTA | PO BOX 3307 | PHILADELPHIA | PA 19130- | PHILADELPHIA |
| **--182nd Legislative District** | | | | | | |
| 2026C0311 | DEM | BEN WAXMAN | 2201 CHESTNUT ST | PHILADELPHIA | PA 19103- | PHILADELPHIA |
| **--183rd Legislative District** | | | | | | |
| 2026C1049 | DEM | DEIRDRE KAMBER TODD | 5480 SUNSET DRIVE | SCHNECKSVILLE | PA 18078 | LEHIGH |
| 2026C0197 | REP | ZACH MAKO | 1170 MYRTLE ROAD | WALNUTPORT | PA 18088- | NORTHAMPTON |
| **--184th Legislative District** | | | | | | |
| 2026C0296 | DEM | ELIZABETH FIEDLER | 527 MIFFLIN STREET | PHILADELPHIA | PA 19148 | PHILADELPHIA |
| **--185th Legislative District** | | | | | | |
| 2026C0066 | DEM | REGINA YOUNG | 2602 SOUTH 73RD STREET | PHILADELPHIA | PA 19153 | PHILADELPHIA |
| **--186th Legislative District** | | | | | | |
| 2026C1027 | DEM | JORDAN A HARRIS | 1353 S 31ST | PHILADELPHIA | PA 19146- | PHILADELPHIA |
| **--187th Legislative District** | | | | | | |
| 2026C1030 | DEM | RACHEL CUEVAS | 8018 HERITAGE DR | ALBURTIS | PA 18011- | LEHIGH |
| 2026C0464 | REP | GARY DAY | 5934 MEMORIAL ROAD | GERMANSVILLE | PA 18053 | LEHIGH |

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--188th Legislative District** | | | | | | |
| 2026C0989 | DEM | RICK KRAJEWSKI | 5253 HAZEL AVENUE | PHILADELPHIA | PA 19143 | PHILADELPHIA |
| **--189th Legislative District** | | | | | | |
| 2026C0421 | DEM | TARAH PROBST | 510 THOMAS ST | STROUDSBURG | PA 18360 | MONROE |
| 2026C0734 | REP | DANICA HARTENFELS | 107 GABRIEL DR | EAST STROUDSBURG | PA 18301- | MONROE |
| **--190th Legislative District** | | | | | | |
| 2026C1163 | DEM | RONI GREEN | 3519 W ALLEGHENY AVE | PHILADELPHIA | PA 19132- | PHILADELPHIA |
| **--191st Legislative District** | | | | | | |
| 2026C0275 | DEM | JOANNA E MCCLINTON | 6021 WASHINGTON AVE | PHILADELPHIA | PA 19143- | PHILADELPHIA |
| **--192nd Legislative District** | | | | | | |
| 2026C0064 | DEM | MORGAN CEPHAS | 6441 MORRIS PARK RD | PHILADELPHIA | PA 19151- | PHILADELPHIA |
| 2026C1223 | REP | TIFFANY VANN BROWN | 1804 PENNINGTON RD | PHILADELPHIA | PA 19151- | PHILADELPHIA |
| **--193rd Legislative District** | | | | | | |
| 2026C1425 | DEM | TODD CRAWLEY | 502 NORTH EARL STREET | SHIPPENSBURG | PA 17257- | CUMBERLAND |
| 2026C0215 | REP | CATHERINE WALLEN | 291 WHITE OAK TREE RD | YORK SPRINGS | PA 17372- | ADAMS |
| **--194th Legislative District** | | | | | | |
| 2026C0058 | DEM | TARIK KHAN | 261 LEMONTE ST | PHILADELPHIA | PA 19128 | PHILADELPHIA |
| **--195th Legislative District** | | | | | | |
| 2026C0193 | DEM | SIERRA MCNEIL | 2325 W CUMBERLAND STREET | PHILADELPHIA | PA 19132- | PHILADELPHIA |
| **--196th Legislative District** | | | | | | |
| 2026C0745 | DEM | RON RUMAN | 2873 DOVE DRIVE | YORK | PA 17408- | YORK |
| 2026C1193 | REP | GEORGE MARGETAS | 1923 STONEGATE ROAD | YORK | PA 17408- | YORK |

PENNSYLVANIA
DEPARTMENT OF STATE

BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION
POST PRIMARY

Candidate Listing - Post Primary
2026 GENERAL ELECTION
11/03/2026 (GENERAL )

DATE/TIME : 9/3/2026 8:17:32 PM



| Candidate ID | Party | Candidate Name | Address | City | Zip | County |
|---|---|---|---|---|---|---|
| **--197th Legislative District** | | | | | | |
| 2026C0289 | DEM | DANILO BURGOS | 3803 N 7TH STREET | PHILADELPHIA | PA 19140 | PHILADELPHIA |
| **--198th Legislative District** | | | | | | |
| 2026C1120 | DEM | DARISHA K PARKER | 4651 MORRIS STREET | PHILADELPHIA | PA 19144 | PHILADELPHIA |
| **--199th Legislative District** | | | | | | |
| 2026C0483 | DEM | TAWANDA HUNTER STALLWORTH | 46 COURTYARD DR | CARLISLE | PA 17013-4907 | CUMBERLAND |
| 2026C0161 | REP | BARB GLEIM | 450 SHERWOOD DR | CARLISLE | PA 17015 | CUMBERLAND |
| **--200th Legislative District** | | | | | | |
| 2026C1012 | DEM | CHRIS JOHNSON | 6656 GERMANTOWN AVENUE APT 304 | PHILADELPHIA | PA 19119- | PHILADELPHIA |
| **--201st Legislative District** | | | | | | |
| 2026C0431 | DEM | ANDRE D CARROLL | 5734 N WOODSTOCK ST | PHILADELPHIA | PA 19138- | PHILADELPHIA |
| **--202nd Legislative District** | | | | | | |
| 2026C0742 | DEM | JARED SOLOMON | 6616 LARGE ST | PHILADELPHIA | PA 19149- | PHILADELPHIA |
| **--203rd Legislative District** | | | | | | |
| 2026C1228 | DEM | ANTHONY BELLMON | 228 SPARKS STREET | PHILADELPHIA | PA 19120- | PHILADELPHIA |

**Total Candidates in report : 434**

# Exhibit L

2016 WL 6582659
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

PENNSYLVANIA DEMOCRATIC PARTY, Plaintiff,
v.
REPUBLICAN PARTY OF PENNSYLVANIA;
Donald J. Trump for President, Inc.; Roger J. Stone, Jr.; and Stop the Steal Inc., Defendants.

Civ. No. 16-5664
|
Signed 11/07/2016

**Attorneys and Law Firms**

Dawn L. Smalls, Boies Schiller & Flexner LLP, New York, NY, Marc E. Elias, Perkins Coie LLP, Michael Julian Gottlieb, Boies Schiller & Flexner LLP, Washington, DC, Mark A. Aronchick, Hangley Aronchick Segal & Pudlin, Philadelphia, PA, for Plaintiff.

Rebecca L. Warren, Lawrence J. Tabas, Obermayer Rebmann Maxwell & Hippel LLP, Thomas C. Sullivan, Bruce S. Marks, Marks & Sokolov LLC, Philadelphia, PA, Matthew Bingham Banks, Banks Law Group, Wyomissing, PA, Chad A. Readler, Jones Day, Columbus, OH, Paul Rolf Jensen, Jensen & Associates, APC, Costa Mesa, CA, for Defendants.

**MEMORANDUM**

Diamond, District Judge

***1** On October 30, 2016, the Pennsylvania Democratic Party filed suit, asking me to enjoin the Pennsylvania Republican Party, Donald J. Trump for President, Inc., and others from illegally conspiring to suppress minority voting during the November 8 national election. Plaintiff relies upon newspaper and Internet stories, YouTube videos, unattributed reports, and judicial decisions—some decades old; others years, months, or weeks old. Remarkably, Plaintiff did not actually move for injunctive relief until Thursday, November 3, after I ordered it to do so. Plaintiff has not explained this delay, which has crippled Defendants' ability to respond, made relief impracticable, and likely precluded appellate review of this Memorandum and Order before tomorrow's election. Moreover, Plaintiff has produced no evidence of any planned voter intimidation in this District. Finally, insofar as Plaintiff asks me to enjoin conduct that is already prohibited by criminal statutes, such an injunction is impermissible.

After considering all the Parties' submissions and their presentations at today's hearing, I conclude that because Plaintiff has not made the required "clear showing" of entitlement to the relief it seeks, I will deny its Motion.

**I. Procedural History**

Beginning on October 30, 2016, state Democratic parties have filed six identical lawsuits and claims for emergency injunctive relief against different state Republican parties, Donald J. Trump for President, Inc., Roger J. Stone, Jr., and Stop the Steal Inc., alleging imminent voter intimidation in violation of the Voting Rights Act of 1965 and the Civil Rights Act of 1871. (Doc. No. 1; see also No. 16-3752, Doc. No. 1 (D. Ariz. Oct. 31, 2016); No. 16-13924, Doc. No. 1 (E.D. Mich. Nov. 4, 2016); No. 16-2514, Doc. No. 1 (D. Nev. Oct. 30, 2016); No. 16-1288, Doc. No. 1 (M.D.N.C. Nov. 4, 2016); No. 16-2645, Doc. No. 1 (N.D. Ohio Oct. 30, 2016)); 52 U.S.C. § 10307(b); 42 U.S.C. § 1985(3).

On October 30, Plaintiff filed its Complaint here, seeking emergency declaratory and injunctive relief. (Doc. No. 1 ¶¶ 6, 16, 74, 80.) Oddly, it filed no motion for emergency relief, nor did it seek expedited discovery. On Wednesday, November 2, when Plaintiff still had filed no motion, I ordered Plaintiff to do so by November 3. (Doc. No. 10.) The next day, Plaintiff filed its Motion for a Temporary Restraining Order and/or Preliminary Injunction, but still did not seek expedited discovery. (Doc. No. 14.)

I gave Defendants only 24 hours to respond to Plaintiff's Motion. Accordingly, I received the RPP's Response, and the RPP and Trump Campaign's Joint Response, late on Friday, November 4. (Doc. Nos. 26, 41.) Over the weekend, Plaintiff filed a Reply, the Trump Campaign filed a sur-reply, and Plaintiff filed a sur-sur-reply. (Doc. Nos. 29, 30, 35.) The RPP has also moved to dismiss for failure to state a claim. (Doc. No. 31.) Plaintiff has filed proofs of service as to Mr. Stone and STS. (Doc. Nos. 15, 16, 33.) Counsel for Mr. Stone and STS appeared at today's hearing and argued that neither Defendant had been properly served. Counsel also filed a legal memorandum in which Mr. Stone and STS ask me to deny injunctive relief. (Doc. No. 42.)

***2** At the hearing I conducted earlier today, Plaintiff called two witnesses who, as I describe below, testified to little more

than their dismay at Mr. Trump's statements and a concern that those statements might discourage minority voters.

The relief Plaintiff now seeks is a broad "obey-the-law" injunction. Plaintiff initially asked me to restrain and enjoin the RPP, the Trump Campaign, Mr. Stone, STS, "and those persons who are in active concert or participation with them" from:

a. Funding, encouraging, organizing or otherwise supporting, individuals who are not officially appointed poll watchers under Pennsylvania law to be present at or around polling places or voter lines to challenge, investigate, interfere, or otherwise act to prevent any person from voting, including but not limited to confronting potential voters and verifying their eligibility at the polls, distributing literature (and/or stating to) individuals that voter fraud is a crime, or describing the penalties under any State or Federal statute for impermissibly casting a ballot.

b. Monitoring polling places, or permitting, encouraging, or assisting individuals to monitor polling places, including but not limited to confronting potential voters and verifying their eligibility at the polls, distributing literature (and/or stating to) individuals that voter fraud is a crime, or describing the penalties under any State or Federal Statute for impermissibly casting a ballot, if the proposed monitor does not meet the statutory requirements for service as a poll watcher;

c. Gathering or loitering within ten (10) feet of a polling place, or permitting, encouraging, or assisting any individuals to gather or loiter within ten (10) feet of a polling place, unless such person is one of the identified poll watchers for each candidate or party who may be present in a polling place at any time;

d. Interrogating, interfering with, or verbally harassing voters or prospective voters, or training, organizing, or directing others to do the same, with the sole exception of questioning that is explicitly authorized by Pennsylvania law;

e. Following, taking photos of, or otherwise recording voters or prospective voters, those assisting voters or prospective voters, or their vehicles, or training, organizing, or directing others to do the same;

f. Recruiting, training, organizing, or deputizing any persons to question, voters at Pennsylvania polling locations under the guise of the purported "exit polling" or "citizen journalist" operations organized and encouraged by Defendants Stone and Stop the Steal;

g. Otherwise organizing efforts to engage in voter intimidation.

(Doc. No. 14-1.)

At 1:59 a.m. this morning, Plaintiff filed an Amended Proposed Order, asking me to restrain and enjoin Defendants from:

a. Blocking the entrance to the polling place;

b. Asking voters for documentation when none is required;

c. Disrupting voting lines inside and outside of the polling place;

d. Disseminating false or misleading election information;

e. Ostentatious showing of weapons at a polling place;

f. Photographing or videotaping voters to intimate [sic] them;

g. Frivolous challenges to voters that are made without a stated good faith basis;

h. Verbal or physical confrontation of voters by persons dressed in official-looking uniforms;

***3** i. Violence or using the threat of violence to interfere with a person's right to vote.

(Doc. No. 34.) Plaintiff also asks me to order Stone and STS to abide by and distribute guidelines that those Defendants have purportedly proposed. (See id. at 2.)

On November 4, the Ohio District Court granted what appeared to be a nationwide injunction prohibiting Defendants Trump Campaign, Mr. Stone, STS, as well as other non-party "individuals or groups, including groups associated with the Clinton for Presidency [sic] campaign," from violating the law. (Doc. No. 30-4.) But see Perez v. Ohio Bell Tel. Co., No. 15-3303, 2016 WL 3755795, at *6 (6th Cir. July 14, 2016) ("The Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders." (quoting Swift & Co. v. United States, 196 U.S. 375, 401 (1905))). Yesterday, the Sixth Circuit stayed the injunction, finding that the District Court had abused its discretion because the plaintiff (the

Ohio Democratic Party) had not demonstrated it was likely to succeed on the merits of its suit. (Doc. No. 30-5.)

On the same day the Ohio Court issued its injunction, the Arizona District Court denied all relief. (Doc. No. 30-3.) The Nevada District Court denied relief against Trump and the state Republicans, deferring a ruling on Mr. Stone and STS pending a hearing to be held this afternoon. (Doc. No. 30-2.)

Today, the Middle District of North Carolina held oral argument in the suit there. (See No. 16-1288, Doc. No. 7 (M.D.N.C. Nov. 5, 2016).) As of this writing, there has been no substantive activity in the Michigan case. (See No. 16-13924 (E.D. Mich.).)

Finally, sometime yesterday, Plaintiff subpoenaed RPP Chairman Rob Gleason—who resides some 240 miles away in Johnstown—to appear at the hearing this morning (the day before Election Day) and bring with him, *inter alia*, all Republican Party documents relating to its poll watching activities. Because the subpoena is vexatious and abusive, I granted the RPP's Motion to Quash earlier this morning. (See Doc. Nos. 32, 38.)

## II. Standing

Plaintiff alleges that it is "a state party organization affiliated with the [National] Democratic Party," and that it "works 'to elect Democrats from the top of the ticket on down' in local, county, state, and federal elections." (Doc. No. 1 ¶ 7 (citation omitted).) Defendants do not dispute that Plaintiff has standing to bring the instant suit, which is intended to protect the interests of both Democratic candidates running for office and Democratic voters. (Id. ¶ 14.) I agree that Plaintiff has standing to proceed. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 180 (2000); Warth v. Seldin, 422 U.S. 490, 511 (1975); Constitution Party of Pa. v. Aichele, 757 F.3d 347, 368 (3d Cir. 2014).

## III. Legal Standards

### A. Preliminary Injunction

Rule 65 authorizes me to issue the injunctive relief Plaintiff seeks. See Fed. R. Civ. P. 65(a). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Wright & Miller, Fed. Prac. & Proc. § 2948 (3d ed. Apr. 2016)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The moving party bears the "heavy burden" of showing that these elements weigh in favor of a preliminary injunction. Republican Party of Pa. v. Cortés, No. 16-5524, 2016 WL 6525409, at *4 (E.D. Pa. Nov. 3, 2016) (citing Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014), and Punnett v. Carter, 621 F.2d 578, 588 (3d Cir. 1980)).

### B. Voting Rights Act of 1965

***4** Section 11(b) of this Act, as amended and codified, provides that "[n]o person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote." 52 U.S.C. § 10307(b); see also 28 U.S.C. § 1343(a)(4) (providing private cause of action "under any Act of Congress providing for the protection of civil rights, including the right to vote").

### C. Civil Rights Act of 1871

This Act, as amended and codified, provides that

> if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States...the party so injured or deprived may have an action for the recovery of damages occasioned by

such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

**IV. Discussion**

As Judge Pappert recently stated in rejecting the RPP's belated request for Election Day injunctive relief: "There was no need for this judicial fire drill and Plaintiff[ ] offer[s] no reasonable explanation or justification for the harried process [it] created." Cortés, 2016 WL 6525409, at *4. The same situation obtains here. Plaintiff has not explained what it learned in the last month or even the last week that created emergent conditions. On the contrary, Plaintiff has long known of the acts and statements on which it bases its claims. For instance, Plaintiff emphasizes an inapposite 2004 Complaint and TRO filed against Senator John Thune, seeking to enforce the District of New Jersey's 1982 and 1987 Consent Orders. (Doc. Nos. 14-21, 14-23.) Plaintiff also points to purported voter intimidation by the Republican mayoral candidate during Philadelphia's 2003 election. (Doc. No. 14-19 at 7-8.) Plaintiff also offers comments ostensibly made by Mr. Trump going back to early August. (See, e.g., Doc. Nos. 14-9, 14-12).

During today's hearing, I repeatedly asked Plaintiff to explain its dilatory conduct and to identify any recent occurrence that compelled it to seek emergency relief so close to Election Day. Plaintiff was unable to do so. Significantly, Plaintiff has not alleged that Defendants have intimidated voters in the four states that allow early voting—Arizona, Nevada, North Carolina, and Ohio—where suits identical to the instant suit have been filed. Plaintiff has not explained why it filed its Emergency Motion only two business days before the election—again, only after I ordered it to do so. (See Doc. No. 10.) Nor has Plaintiff explained why it failed to seek expedited discovery, opting yesterday instead to subpoena Mr. Gleason and a cache of documents. Remarkably, during today's hearing, Plaintiff stated that it had not sought expedited discovery because it believed that Defendants would voluntarily produce all discoverable materials without being formally asked to do so.

Plaintiff's dilatory conduct "weighs decidedly against granting the extraordinary relief [it] seek[s]"—especially "where, as here, an election is looming." Cortés, 2016 WL 6525409, at *3 (citing United States v. City of Phila., No. 06-4592, 2006 WL 3922115, at *2 (E.D. Pa. Nov. 7, 2006) (citing in turn Purcell v. Gonzalez, 549 U.S. 1 (2006))); see also Crookston v. Johnson, No. 16-2490, 2016 WL 6311623, at *2 (6th Cir. Oct. 28, 2016) ("Call it what you will—laches, the *Purcell* principle, or common sense—the idea is that courts will not disrupt imminent elections absent a powerful reason for doing so."). The election will be underway in a matter of hours.

***5** Plaintiff's failure to take discovery has compelled it to rely almost entirely on media reports. Because the Federal Rules of Evidence do not strictly apply during preliminary injunction proceedings, I must exercise discretion in "weighing all the attendant factors, including the need for expedition, to assess whether, and to what extent, affidavits or other hearsay materials are appropriate given the character and objectives of the injunctive proceeding." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 719 (3d Cir. 2004) (internal quotation marks and citation omitted).

The plaintiff seeking an injunction will typically support her request with an affidavit, verifying that the facts alleged are true and correct according to her best information, knowledge, and belief. See Fed. R. Civ. P. 65(b)(1)(A) (requiring "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant" for TRO); 11A Wright & Miller, Fed. Prac. & Proc. § 2949 (3d ed. Apr. 2016) ("Affidavits are appropriate on a preliminary-injunction motion and typically will be offered by both parties....All affidavits should state the facts supporting the litigant's position clearly and specifically." (footnote omitted)).

Plaintiff has produced its evidence in an Appendix comprising online newspaper articles and other reports and statements —almost all having nothing to do with this District. (See Doc. Nos. 14-6, 14-7, 14-9, 14-11, 14-12, 14-13, 14-14, 14-15, 14-16, 14-17, 14-18, 14-19, 14-20, 14-22, 14-24, 14-25, 14-27.) The Appendix is "verified" by one of Plaintiff's lawyers, who avers only that the exhibits are accurate copies. (See Doc. No. 14-3.) He says nothing about the truth of their content. (See id.)

I am thus compelled to base a ruling that could restrict Defendants' Election Day speech and conduct on media reports because Plaintiff has contrived to transform this litigation into a mad scramble. Although I could deny relief on this ground alone, given the importance of the voting

rights Plaintiff alleges are threatened, I will consider all the Winter factors. See Cortés, 2016 WL 6525409, at *1 (citing unreasonable delay as a basis for denying injunctive relief); Smart Vent Prods., Inc. v. Crawl Space Door Sys., Inc., No. 13-5691, 2016 WL 4408818, at *12 (D.N.J. Aug. 16, 2016) (delay "knocks the bottom out of any claim of immediate and irreparable harm").

### A. Likelihood of Success on the Merits

To make out this factor, "the plaintiff need only prove a *prima facie* case, not a certainty that he or she will win." Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 173 (3d Cir. 2001). The Third Circuit has held that "a sufficient degree of success for a strong showing exists if there is a 'reasonable chance, or probability, of winning.' " In re Revel AC, Inc., 802 F.3d 558, 568-69 (3d Cir. 2015) (quoting Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). Plaintiff alleges that the Trump Campaign, Mr. Stone, STS, and the RPP "are conspiring to threaten, intimidate, and thereby prevent minority voters in urban neighborhoods from voting in the 2016 election." (Doc. No. 14-2 at 2.) Like the Arizona and Ohio Democratic Parties, Plaintiff here has not made the requisite "clear showing" that it will prevail on the merits of its claims.

To succeed on its Voting Rights Act claim, Plaintiff must show that Defendants acted or attempted "to intimidate, threaten, or coerce any person for voting or attempting to vote." 52 U.S.C. § 10307(b). To succeed on its Civil Rights Act claim, Plaintiff must show that Defendants conspired to do so. 42 U.S.C. § 1985(3). Plaintiff has not demonstrated a likelihood of succeeding on either claim.

***6** Plaintiff relies heavily on Defendants' alleged statements as reported in online newspaper articles. These statements were made in connection with the upcoming election. See Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 339 (2010) ("Speech is an essential mechanism of democracy....The First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office." (internal quotation marks and citations omitted)). Once again, virtually none of the statements was made in this District or suggested that any illegal activity would occur in this District. Moreover, as the Arizona District Court found, some of these statements are taken grossly out of context. (Doc. No. 30-3 at 16.) The same is true here. For example, Plaintiff opens its brief with the following claim:

> The stated goal of the Trump Campaign, as explained by an unnamed official to Bloomberg News on October 27, 2016, is to depress voter turnout, and particularly minority voter turnout—in the official's words: "We have three major voter suppression operations under way."

(Doc. No. 14-2 at 2 (quoting Doc. No. 14-11).) Plaintiff thus suggests that these "major voter suppression operations" are targeted at intimidating minority voters. In context, however, it is clear that the "unnamed official" is plainly describing protected political activity:

> "We have three major voter suppression operations under way," says a senior official. They're aimed at three groups Clinton needs to win overwhelmingly: idealistic white liberals, young women, and African Americans. Trump's invocation at the debate of Clinton's WikiLeaks e-mails and support for the Trans-Pacific Partnership was designed to turn off Sanders supporters. The parade of women who say they were sexually assaulted by Bill Clinton or harassed or threatened by Hillary is meant to undermine her appeal to young women. And her 1996 suggestion that some African American males are "super predators" is the basis of a below-the-radar effort to discourage infrequent black voters from showing up at the polls—particularly in Florida.

(Doc. No. 14-11 at 6-7.) In context, these are not "suppression" efforts at all, and they do not appear designed to threaten or intimidate voters. Rather, they are coarse efforts to convince Secretary Clinton's likely supporters not to vote for her.

Plaintiff also points to the Trump Campaign's "signup form on its website for supporters to sign up to be 'Trump Election Observers' in order to stop 'Crooked Hillary From Rigging this Election.' " (Doc. No. 14-2 at 4 (quoting Doc. No. 14-5).) Plaintiff thus alleges that Mr. Trump is "further encouraging his supporters to join in a common plan to 'watch' voters in 'certain areas' of states like Pennsylvania for voter fraud." (Id.) Yet, Pennsylvania law allows poll watching, and Plaintiff has not shown that the poll watching proposed here will include any impermissible activity. See Cortés, 2016 WL 6525409, at *1-2 (describing the Pennsylvania Election Code's poll-watching provisions (citing 25 P.S. § 2687)). Indeed, Defendants point out that the Clinton campaign is engaged in the same exercise. (Doc. No. 41 at 11); see Join Victory Counsel, HillaryClinton.com, https://www.hillaryclinton.com/forms/protect-the-vote ("Volunteer

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

to protect the vote as a poll observer this election cycle.") (last visited Nov. 7, 2016).

To show the "conspiracy" between Defendants RPP and Trump Campaign, Plaintiff offers an August 3, 2016 statement purportedly made by Governor Pence at a town hall event: "[T]he Trump campaign and the Republican National Committee are working very, very closely with state governments and secretaries of states all over the country to ensure ballot integrity." (Doc. No. 14-2 at 10 (quoting 8-3 Replay: Pence Denver Rally Town Hall at 16:22-17:27, TrumpTube.tv, http://trumptube.tv/donald-trump-rally-speech-video/video/pence-live-stream-town-hall-8-3-16).) Similarly, Plaintiff offers RPP Chairman Gleason's early-August statement to the Washington Post that he was "glad to hear" that Mr. Trump was becoming focused on voter fraud and "taking additional measures to recruit poll watchers in Philadelphia," as well as the RPP's now-unsuccessful effort to invalidate restrictions on Pennsylvania poll watchers. (Doc. No. 14-2 at 10-11 (citing Doc No. 14-9 and Complaint, Cortés, No. 16-5524, Doc. No. 1 (E.D. Pa. Oct. 21, 2016).) Assuming these purported statements accurately reflect actions that have actually been taken, no voter intimidation is even suggested. Once again, the Pennsylvania Election Code explicitly allows candidates and political parties to appoint poll watchers who "help 'guard the integrity of the vote.' " See Cortés, 2016 WL 6525409, at *1-2 (quoting Tiryak v. Jordan, 472 F. Supp. 822, 824 (E.D. Pa. 1979)); 25 P.S. § 2687.

***7** As to Mr. Stone and STS, Plaintiff alleges that they "are actively recruiting Trump supporters for 'exit polling,' specifically targeting nine Democratic-leaning cities with large minority populations, including Philadelphia." (Doc. No. 14-2 at 6 (citing Doc. No. 14-6).) Mr. Stone and STS have purportedly signed up 2822 volunteers to engage in "exit polling," including 150 volunteers in Pennsylvania. (Id.) Yet, it is not clear that STS is even operational. See Robert Kuniegel, Where Is the Training for Exit Polls[?], Stop the Steal (Oct. 29, 2016), https://stopthesteal.org/where-is-the-training-for-exit-polls ("I have no idea where this post is going or if anyone will see it. I suspect that no one will. I have 10 people that wish to do exit polling in Philly and have tried for one month to find a way to get assigned and or trained."). In any event, "the act of exit polling...constitute[s] protected expressive speech" under the First Amendment. See PG Pub. Co. v. Aichele, 705 F.3d 91, 100-01 (3d Cir. 2013) (citing Daily Herald Co. v. Munro, 838 F.2d 380, 382 (9th Cir. 1988)); see also Daily Herald Co., 838 F.2d at 384 ("[E]xit polling constitutes speech protected by the First Amendment, not only in that the information disseminated based on the polls is speech, but also in that the process of obtaining the information requires a discussion between pollster and voter."). As the Arizona District Court concluded, exit polling is permissible even if it is not "scientific" and those conducting it are not professional pollsters. (See Doc. No. 30-3 at 19.)

Finally, Plaintiff alleges that the conspiracy to intimidate minority voters "reaches beyond the defendants," discussing at length the activities of "white nationalist, alt-right, and militia movement groups" that have been "[e]nergized by Trump's candidacy." (See Doc. No. 14-2 at 11-12 (citing Doc. No. 14-25).) Unless it is psychic, Plaintiff has no idea who might have been "energized by" Mr. Trump. Plaintiff's heated suggestion does not even rise to the level of speculation.

In sum, Plaintiff has not shown that any Defendant has engaged or will engage in voter intimidation in this District, an essential element of both of Plaintiff's claims. Plaintiff has thus failed to demonstrate that it is likely to succeed on the merits of either claim.

### B. Likelihood of Irreparable Harm

I agree with Plaintiff that a violation of voting rights would work an irreparable harm for which there is no adequate remedy at law. See Council of Alt. Political Parties v. Hooks, 121 F.3d 876, 883 (3d Cir. 1997) (infringement on voting rights "cannot be alleviated after the election"). I also agree with Plaintiff that given this nation's troubled history, the federal courts must take special care to protect the voting rights of minority communities. As I have discussed, however, Plaintiff has not made out even the possibility—much less the likelihood—that Defendants will intimidate *any* voters in this District.

During today's hearing, Plaintiff called Reverend Mark Kelly Tyler of Mother Bethel A.M.E. Church and former Philadelphia Councilman Angel L. Ortiz. Neither witness knew of any actual voter intimidation efforts or of any voters who had actually been intimidated. Rather, both were concerned that Mr. Trump's statements "might" or "could" intimidate African-American or Latino voters. This is not proof of the likelihood of harm. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) ("Establishing a risk of irreparable harm is not enough. A plaintiff has the burden

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

of proving a 'clear showing of immediate irreparable injury.' " (citation omitted)).

### C. Balance of Equities and the Public Interest

Because these factors are intertwined, I consider them together. To prevent unproven voter intimidation, Plaintiff asks me to curtail Defendants' right to free expression and speech. U.S. Const., amend. I; Citizens United, 558 U.S. at 326-27 ("Courts, too, are bound by the First Amendment... [and] must give the benefit of any doubt to protecting rather than stifling speech." (internal quotation marks and citation omitted)); id. at 340 ("[P]olitical speech must prevail against laws that would suppress it, whether by design or inadvertence."). Yet, virtually all the minatory acts Plaintiff asks me to enjoin are already proscribed by criminal statutes, subject to severe punishment. See, e.g., 18 U.S.C. § 594 (actual or attempted intimidation, threats, or coercion in federal elections punishable by up to one year's imprisonment and a fine); 25 P.S. §§ 3527 (interference with election officials, blocking the entrance of a polling place, voter intimidation, various acts of voter fraud, and conspiracy punishable by up to seven years' imprisonment and a $15,000 fine), 3528 (voter intimidation at a polling place at which one is not entitled to vote punishable by up to seven years' imprisonment and a $15,000 fine), 3547 (use or threat of force or duress punishable by up to two years' imprisonment and a $5000 fine), 3552 (punishing any person convicted of willfully violating the Election Code with four years' disenfranchisement). Moreover, any coordinated efforts (much less a "conspiracy") between the Trump Campaign and STS would violate federal election law. See, e.g., 52 U.S.C. § 30116(a)(7); 26 U.S.C. § 527.

***8** The Supreme Court has long cautioned courts about their "duty to avoid" issuing "sweeping injunction[s] to obey the law." Swift & Co., 196 U.S. at 401; see also Belitskus v. Pizzingrilli, 343 F.3d 632, 650 (3d Cir. 2003) (injunction impermissibly "require[d] defendants 'to obey the law' in the future...a requirement with which they must comply regardless of the injunction" (quoting SEC v. Warren, 583 F.2d 115, 121 (3d Cir. 1978))). That admonition is especially apposite here, where the broad injunction Plaintiff seeks would itself curtail the constitutional rights of Defendants. For instance, Plaintiff asks me to enjoin Defendants from "disseminating false or misleading election information." (Doc. No. 34.) Virtually all "election information" could be deemed "false" or "misleading," depending on the beholder. The broad prohibition Plaintiff seeks could thus effectively silence Defendants' political speech on Election Day.

In these circumstances, the balance of equities and public interest factors weigh against the issuance of a preliminary injunction.

## V. Conclusion

Our Republic is premised on the right of its citizens to select their leaders. Had Plaintiff made any credible showing —much less the required clear showing—that Defendants intended to jeopardize that right, I would not hesitate to take immediate action. Plaintiff has made no such showing, however. Its belated, inflammatory allegations appear intended to generate only heat, not light. Presumably, that is why identical efforts have so far been rejected by the Arizona and Nevada District Courts and the Sixth Circuit. I will also deny Plaintiff's eleventh-hour request for emergency injunctive relief.

An appropriate Order follows.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 6582659

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit M

2026 WL 2794472
Only the Westlaw citation is currently available.
Supreme Court of Pennsylvania.

IN RE: Nomination Papers of Andrew TUPONE as a Green Party Candidate for Congress in the 7th Congressional District
Appeal of: Joyce Moore, Susan Baranek, and Louise Dillensnyder, Objectors

No. 58 MAP 2026
|
Submitted: September 17, 2026
|
Decided: September 18, 2026

Appeal from the Order of the Commonwealth Court at No. 363 MD 2026 dated September 9, 2026.

**Attorneys and Law Firms**

Kevin Michael Greenberg, Esq., Law Office of Kevin Greenberg LLC, for Appellants.

James Joseph Fitzpatrick III, Esq., Meaghan Rose Wagner, Esq., Walter S. Zimolong III, Esq., Zimolong Law LLC, for Appellee.

**ORDER**

PER CURIAM

***1** **AND NOW**, this 18th day of September, 2026, the appeal is **DISMISSED** as moot.

**All Citations**

--- A.3d ----, 2026 WL 2794472 (Mem)

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit N

2026 WL 2650980
Only the Westlaw citation is currently available.
Commonwealth Court of Pennsylvania.

IN RE: Nomination Papers of Tony DASTRA and Craig Bolton As Green Party Candidates for Governor and Lieutenant Governor Objection of: William Lee, Joanne Deutchman, and Ryan Larson

No. 365 M.D. 2026
|
Heard August 19, 2026
|
Decided August 21, 2026
|
Publication Ordered September 9, 2026

Original Jurisdiction

**Attorneys and Law Firms**

Adam C. Bonin, Philadelphia, for Petitioners.

Lawrence M. Otter, Silverdale, for Respondents.

BEFORE: HONORABLE MATTHEW S. WOLF, Judge

**Opinion**

OPINION BY JUDGE WOLF

***1** In a gubernatorial election in Pennsylvania, if the Governor candidate from a particular party is removed from the ballot for one reason or another, can the Lieutenant Governor candidate continue to the general election if they otherwise meet all requirements? No, they may not. Governor and Lieutenant Governor candidates run in the general election as more than just a slate, they run for their respective offices as one, to be elected with one vote. If the Governor candidate is removed, then the Lieutenant Governor candidate cannot continue alone to the general election. As explained more fully below, Article IV, Section 4 of the Pennsylvania Constitution prescribes a "single vote" shall be cast for both the Governor and Lieutenant Governor candidates. PA. CONST. art. IV, § 4.

Before the Court is the Petition to Set Aside Nomination Papers (Petition) filed by William Lee, Joanne Deutchman, and Ryan Larson (Objectors), seeking to set aside the Nomination Papers (Nomination Papers) of Tony Dastra and Craig Bolton (Candidates) as Green Party candidates for Governor and Lieutenant Governor, respectively, in the 2026 General Election. Also before the Court is Candidate Dastra's oral stipulation to grant the Petition and request for the Court to order his name to be removed from the 2026 General Election ballot. After a hearing and argument held August 19, 2026, the Court concludes Governor Candidate Dastra's stipulation for his removal from the ballot requires both Candidates to be removed from the ballot because, pursuant to the Pennsylvania Constitution, the Lieutenant Governor may only be elected jointly with the Governor. Accordingly, the Court is constrained to grant the Petition and order both Candidates' names to be removed from the 2026 General Election ballot.

Candidates are members of the Green Party, which is considered a political body under the Pennsylvania Election Code,[1] so their nomination for the General Election ballot occurs by filing nomination papers. *See In re De la Cruz*, 324 A.3d 632, 634 (Pa. Cmwlth.) (single-judge op.) (Leadbetter, S.J.), *aff'd*, ––– Pa. ––––, 322 A.3d 883 (Pa. 2024), *reconsideration and reargument denied* (Oct. 11, 2024).

Section 951(b) of the Election Code requires nomination papers for political body candidates to contain a large number of signatures, calculated as a percentage of the electorate.[2] Since 2018, however, the Pennsylvania Department of State (Department) has not enforced that requirement. The Department has accepted a lesser number of signatures based on a consent decree entered in federal litigation.[3] Currently, the Department requires nomination papers for the office of Governor to contain 5,000 signatures, and nomination papers for other statewide offices, including Lieutenant Governor, to contain 2,500 signatures. Department's Instructions ¶ 5.

***2** On or before August 3, 2026, Candidates timely filed the Nomination Papers, naming them both as candidates for their respective offices and containing 5,509 signature lines. On August 10, 2026, Objectors filed the Petition, challenging 1,389 of the signature lines on the Nomination Papers. This Court issued an August 11, 2026 Scheduling and Case Management Order setting a hearing on the Petition for August 19, 2026.

On August 17, 2026, Candidates initially filed an application stipulating the Nomination Papers do not contain at least 5,000 valid signatures, but seeking relief from the signature requirement on a constitutional basis. The same day,

Candidates withdrew that application and filed a status report. The status report contained the same stipulation that the Nomination Papers do not contain at least the 5,000 required valid signatures. It also requested permission for Candidate Dastra to withdraw his nomination for the office of Governor, [4] and raised the issue of whether Candidate Bolton may remain on the 2026 General Election ballot as candidate for Lieutenant Governor.

Objectors and the Department filed responses to the Status Report citing Article IV, Section 4 of the Pennsylvania Constitution, which states:

> **§ 4. Lieutenant Governor.**
>
> A Lieutenant Governor shall be chosen jointly with the Governor by the casting by each voter of a single vote applicable to both offices, for the same term, and subject to the same provisions as the Governor; he shall be President of the Senate. As such, he may vote in case of a tie on any question except the final passage of a bill or joint resolution, the adoption of a conference report or the concurrence in amendments made by the House of Representatives.

PA. CONST. art. IV, § 4. At the hearing, Candidates moved to modify their request for permission to withdraw into a stipulation to grant the Petition with respect to Governor Candidate Dastra only and to strike Candidate Dastra from the ballot. As in their earlier filings, however, Candidates maintained that Lieutenant Governor Candidate Bolton should remain on the ballot because Objectors had not challenged enough of the 5,506 signatures on the Nomination Papers to deprive Candidate Bolton of the 2,500 signatures the Department requires for Lieutenant Governor. The parties agreed at the hearing that the sole issue is whether a candidate for Lieutenant Governor may remain on the ballot absent a corresponding candidate for Governor.

Objectors argue the Court must grant the Petition in full and remove both Candidates from the ballot. They emphasize the Governor and Lieutenant Governor must be elected "jointly" and votes for them must be cast by "a single vote applicable to both offices." PA. CONST. art. IV, § 4. Objectors argue this is the sole constitutional process for electing the Lieutenant Governor, and Candidate Bolton cannot be elected through that process because Candidate Dastra has conceded he must be removed from the ballot. Without a candidate for Governor, Objectors argue, no one can legitimately cast a vote for Lieutenant Governor under the Pennsylvania Constitution.

In support, Objectors cite *De la Cruz* and similar recent decisions of this Court, rejecting candidates' requests for partial slates of presidential elector candidates to appear on the ballot. Objectors also claimed that current ballot design and practices reflect this, such that candidates for the two offices are shown on a ballot as a single slate, with the ability to vote only for both candidates, or none at all. [5]

***3** Candidates acknowledge Section 4 is a formidable obstacle to Candidate Bolton remaining on the ballot. They argue, however, that his candidacy is not completely foreclosed because even if no candidate for Governor appears alongside him on the ballot, voters could also vote by write-in for Governor. In support, Candidates point out that Article IV, Section 2, providing for election of the Governor, [6] does not contain the same limitations as Section 4, so write-in votes for Governor must be permitted. In Candidates' view, a vote cast for Candidate Bolton for Lieutenant Governor, combined with a write-in vote for Governor cast simultaneously, would satisfy Section 4's joint election requirement.

Initially, the Court notes Candidates' stipulation that the Petition should be granted in part and Candidate Dastra should be removed from the ballot as candidate for Governor. The Court will grant that relief, as is customary. *See, e.g.*, *In re Avery*, 675 Pa. 530, 286 A.3d 1217, 1229 (2022) (noting grant of objection petition due to stipulated lack of signatures).

The Court concludes that, given Candidate Dastra's removal from the ballot, it is constrained to grant the Petition in full and order that both Candidates not appear on the 2026 General Election ballot. The Court agrees with Objectors that Article IV, Section 4 of the Pennsylvania Constitution is clear and dispositive. Section 4 requires the Lieutenant Governor to be elected jointly with the Governor, by a single vote cast. The Court disagrees with Candidates' argument that a vote for Candidate Bolton, plus a write-in vote for Governor, can be considered a "single vote applicable to both offices." PA. CONST. art. IV, § 4. That would be two votes. Candidates cite no authority for their proposition and it is not consistent with the text of Section 4. The Pennsylvania Constitution plainly requires the candidate for Lieutenant Governor to appear on the ballot together with the candidate for Governor, with both electable by a single vote, or not to appear on the ballot at all. Under that provision, this Court cannot allow Candidate Bolton to remain on the ballot alone.

As Objectors note, this Court recently reached a similar conclusion, albeit under the United States Constitution. In *De*

*la Cruz,* the Court addressed objections to nomination papers filed by political body candidates for President and Vice-President of the United States in the 2024 General Election. 324 A.3d at 634. Because it is actually presidential electors, not the candidates themselves, who are elected in the general election, the nomination papers in that case nominated 19 candidates for presidential elector. *Id.* at 635. The Court determined that disaffiliation provisions in the Election Code required seven of the 19 presidential elector candidates to be removed from the ballot. *Id.* at 637-38.

***4** In response to that removal of some, but not all, candidates from the ballot, the *De la Cruz* candidates made an argument similar to Candidates' argument here: that the remaining presidential elector candidates, whose nomination papers were valid, should remain on the ballot as a partial slate of candidates. *Id.* at 639. This Court rejected that argument, explaining:

> The formula which provides for the election of 19 Presidential Electors is not an entitlement that De la Cruz [and the other parties] can waive, but rather a constitutional requirement. The United States Constitution provides for the selection of the President and Vice President by the Electoral College, made up as follows:
>
> > Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress....
>
> U.S. CONST.[ art.] II, § 1. In this manner, our Constitution provides for the specific proportional representation among the states in the Electoral College. If the winning Presidential and Vice Presidential candidates in even one state had fewer Presidential Electors than provided in the Constitution (and the Election Code), the proportionality among the states mandated by the Constitution would be subverted. And if that were to happen in multiple states, the constitutional scheme for the election of the President and Vice President would be eviscerated.

*Id.* (footnote omitted).

The Court finds the reasoning in *De la Cruz* instructive and reaches a similar conclusion. Here also, the constitutional text is clear and it imposes a specific structure on the election of a specific office. The offices of Governor and Lieutenant Governor must be jointly elected. In fact, the Pennsylvania Constitution is *even more limiting* for the election of Lieutenant Governor than the United States Constitution was in *De la Cruz*. The Federal Constitution does not require the States to choose presidential electors in any particular way. It allows their election "in such Manner as the Legislature[s] thereof may direct." The Pennsylvania Constitution, by contrast, just *directs*. It says exactly how the Lieutenant Governor must be elected. Like in *De la Cruz*, the Court here concludes it cannot permit Candidate Bolton to remain on the ballot and also comply with the relevant constitutional mandate.

The Court is mindful of the *sui generis* nature of Election Code proceedings—for example, normal rules of procedure do not necessarily apply. [7] But the Pennsylvania Constitution always applies. The Court must follow it where it leads, even if the result is to restrict an otherwise qualified candidate from appearing on the ballot. Accordingly, the Court will grant the Petition in its entirety and order Candidates' names to be removed from the 2026 General Election ballot.

**ORDER**

AND NOW, this 21st day of August, 2026, Objectors' Petition to Set Aside Nomination Papers of Tony Dastra and Craig Bolton as Green Party candidates for Governor and Lieutenant Governor, respectively, is GRANTED in accordance with the attached Opinion.

***5** The Secretary of the Commonwealth is directed to REMOVE the names of Tony Dastra and Craig Bolton as candidates for Governor and Lieutenant Governor, respectively, from the November 3, 2026 General Election ballot.

The Prothonotary is directed to send a copy of this Order to the Secretary of the Commonwealth.

Each party shall bear their own costs.

**All Citations**

--- A.3d ----, 2026 WL 2650980

## Footnotes

1 Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

2 For example, in a recent case, the statutory formula would require candidates filing nomination papers for statewide office to obtain 33,043 signatures. *De la Cruz*, 324 A.3d at 636.

3 *See Instructions for Filing as a Candidate of a Political Body, 2026 General Election*, PA. DEP'T OF STATE, ¶ 5 (citing *Constitution Party of Pa. v. Cortés*, No. 12-2726, 2018 WL 684837 (E.D. Pa., Order filed Feb. 1, 2018)) (hereinafter Department's Instructions), https://www.pa.gov/content/dam/copapwp-pagov/en/dos/programs/voting-and-elections/running-for-office/2026/nomination-papers-2026/pb% 20nomination % 20paper% 20instructions% 202026% 20final.pdf (last visited Aug. 21, 2026).

4 Withdrawal would require permission because more than seven days have passed since August 3, 2026, the last day for filing nomination papers in the relevant election cycle. *See* Section 978(b) of the Election Code, 25 P.S. § 2938(b).

5 The Department attached purported examples of such ballots from past elections to its responsive letter. The Court did not consider those documents or Objectors' related representations of current practice, however, for several reasons. The parties did not offer, and the Court did not accept, any evidence, so current practice is not part of the record. Further, evidence of current practice is not evidence of conformity with the law, and the parties have agreed this is a purely legal question. Finally, Candidates objected at the hearing to factual statements by Objectors' counsel regarding ballot or election practices. The Court sustains that objection and, for the above additional reasons, does not rely on those statements. This case presents a purely legal question based on undisputed facts.

6 Article IV, Section 2 of the Pennsylvania Constitution provides:

> **§ 2. Duties of Governor; election procedure; tie or contest.**
>
> The supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed; he shall be chosen on the day of the general election, by the qualified electors of the Commonwealth, at the places where they shall vote for Representatives. The returns of every election for Governor shall be sealed up and transmitted to the seat of government, directed to the President of the Senate, who shall open and publish them in the presence of the members of both Houses of the General Assembly. The person having the highest number of votes shall be Governor, but if two or more be equal and highest in votes, one of them shall be chosen Governor by the joint vote of the members of both Houses. Contested elections shall be determined by a committee, to be selected from both Houses of the General Assembly, and formed and regulated in such manner as shall be directed by law.

PA. CONST. art. IV, § 2.

7 *In re Nomination Petition of Johnson*, 509 Pa. 347, 502 A.2d 142, 145 (1985) (Pennsylvania Rules of Civil Procedure do not apply); *In re Keller*, 994 A.2d 1165, 1168 (Pa. Cmwlth. 2010) (Pennsylvania Rules of Appellate Procedure apply in part only).

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit O

751 Fed.Appx. 269
This case was not selected for publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S.Ct. of Appeals 3rd Cir. App. I, IOP 5.1, 5.3, and 5.7.
United States Court of Appeals, Third Circuit.

Roque DE LA FUENTE, a/k/a Rocky, Appellant
v.
Pedro A. CORTES, in his official capacity as the Secretary of the Commonwealth of Pennsylvania; Jonathan M. Marks, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation

No. 17-3778
|
Submitted under Third Circuit L.A.R. 34.1(a) July 10, 2018
|
(Opinion filed: October 26, 2018)

**Synopsis**

**Background:** Prospective candidate for president brought action against state election officials, alleging state's "sore loser" laws and disaffiliation provisions, as well as registration requirement for petition circulars, were unconstitutional. The United States District Court for the Middle District of Pennsylvania, No. 1-16-cv-01696, John E. Jones III, J., dismissed action. Prospective candidate appealed.

**Holdings:** The Court of Appeals, Rendell, Circuit Judge, held that:

state "sore loser" and disaffiliation statutes, barring any unsuccessful candidate in a party's primary from running in general election as an independent in same election year, did not violate any First Amendment right, and

state election statute requiring that electors who circulate nominating petitions at party primaries be registered and enrolled as members of same political party that is holding the primary did not violate free speech rights.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

***270** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (District Court No. 1-16-cv-01696), District Judge: Hon. John E. Jones III

**Attorneys and Law Firms**

Paul A. Rossi, Esq., IMPG Advocates Inc, Mountville, PA, for Plaintiff-Appellant

Nicole J. Boland, Esq., Howard G. Hopkirk, Esq., Kenneth L. Joel, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, Keli M. Neary, Esq., Pennsylvania State Police, Office of Chief Counsel, Harrisburg, PA, for Defendants-Appellees

Before: SHWARTZ, NYGAARD, and RENDELL, Circuit Judges

OPINION [*]

RENDELL, Circuit Judge:

Appellant, Roque "Rocky" De La Fuente, lost the 2016 United States Presidential Election and avers that he will run again in 2020. After his defeat in Pennsylvania's Democratic primary in 2016, the state's "sore loser" laws prevented him from running as an Independent. Appellant sued state election officials in their official capacities, arguing that Pennsylvania's sore loser and disaffiliation provisions, as well as the registration requirement for petition circulators, are unconstitutional. On appeal, Appellant challenges the District Court's dismissal of his claims. For the following reasons, we will affirm.

## I. BACKGROUND

### A. Facts

Appellant is a registered member of the Democratic Party who unsuccessfully ran for President of the United States in 2016. After losing the Democratic Primary Election, Appellant submitted nomination papers to be placed on Pennsylvania's 2016 General Election ballot for President

as an Independent candidate. The Commonwealth rejected Appellant's nomination papers pursuant to the Pennsylvania Election Code's “sore loser” provisions. These statutes bar any unsuccessful candidate in a party's Primary from running in the General Election as an Independent in the same election year. 25 Pa. Stat. & Cons. Stat. Ann. §§ 2911(e)(5), 2911(e)(6) & 2911.1. [1]

***271** To be placed on the primary ballot of a major political party in Pennsylvania, a candidate must obtain 2,000 signatures from registered voters who are members of that party. *Id.* §§ 2867 & 2872.1. The individuals who circulate the petitions must be registered voters and members of the same political party as the candidate. *Id.* § 2869(a). [2] In addition, § 2869(a), as written, requires that a circulator reside in the same political district as the office being sought. However, in *Morrill v. Weaver*, the United States District Court for the Eastern District of Pennsylvania held that a similar residency requirement for minor political parties and bodies, § 2911(d), was unconstitutional. 224 F.Supp.2d 882, 885 (E.D. Pa. 2002). After a similar action was brought challenging the residency requirement for circulators of nomination petitions, the Pennsylvania Secretary of the Commonwealth advised that it would not enforce the requirement, and the challenger dismissed his case. *See Notice of Dismissal*, *Villa v. Aichele*, No. 2:13-cv-06374 Doc. 3 (E.D. Pa. Dec. 31, 2013). The Secretary has publicly amended the nomination petition instructions to state explicitly that the residency requirement will not be enforced. Revised Form of Nomination Petitions and Instructions, 44 Pa.B. 862 (February 8, 2014); *cf. In Re: Nomination Petitions of Brian A. Gordon*, 141 A.3d 612, 623 (Pa. Commw. 2016) (rejecting objectors’ residency-based challenges to nomination petitions).

Appellant alleges that during his 2016 campaign, registered Republican voters were prevented from circulating his nomination petitions under 25 Pa. Stat. & Cons. Stat. Ann. § 2869(a). In addition, he avers that unregistered qualified electors were similarly prohibited from circulating petitions pursuant to §§ 2869(a) and 2911(d). ***Id.*** Appellant has announced his intention to run in the Democratic Presidential Primary in 2020. He has also maintained that if he is unsuccessful in the Primary, he intends to run as an Independent candidate in the 2020 General Election. [3] He ***272** intends to employ the same professional circulators in Pennsylvania that he used in 2016.

**B. Procedural History**

After Pennsylvania refused to place his name on the ballot, Appellant brought a civil action challenging the constitutionality of Pennsylvania Election Code's sore loser and disaffiliation provisions and the provisions of the Election Code that limit who can circulate nomination petitions for candidates for the Democratic Primary Election. The named defendants, in their official capacities, were Pedro Cortes, the Secretary of the Commonwealth, as well as Jonathan Marks, the Commissioner of the Bureau of Commissions, Elections, and Legislation for the Pennsylvania Department of State. (“Election Officials”). Appellant sought an order of mandamus to require the Election Officials to place his name on the ballot as an Independent candidate for President for Pennsylvania's 2016 General Election.

The District Court stayed the action under the *Pullman* abstention doctrine, *R.R. Comm'n of Tex. v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), to permit Pennsylvania's state courts to determine whether the Election Code's sore loser provisions apply to presidential candidates. Appellant subsequently filed a mandamus action in Commonwealth Court, averring that his name should be placed on the ballot for the 2016 General Election because the sore loser provisions do not apply to presidential candidates. However, the Commonwealth Court denied Appellant's request, holding that, as a candidate for public office, the sore loser provisions applied to him. As a result, Appellant did not appear on the ballot for the 2016 General Election.

After the election, the District Court lifted the stay. Appellant then filed an amended complaint averring, among other things, that he intended to run in the Democratic Primary in 2020, and that if he is unsuccessful in the Democratic Primary, he intends to run for President as an independent candidate in the 2020 General Election.

The District Court first addressed its own jurisdiction to hear the case, given (1) the mootness issues raised by a challenge to procedures which, by their nature, will only cause a potential injury every four years and (2) the 2016 Election had already been held. The Court found that the Appellant's claims fell within the “capable of repetition yet evading review” exception to the mootness doctrine and were thus ripe for adjudication. In addition, the District Court dismissed the Election Officials’ challenge to standing, finding that Appellant pled sufficient facts to establish a likelihood of future harm necessary to establish Article III standing. [4]

The Court then granted the Election Officials' 12(b)(6) motion to dismiss, determining that the sore loser and disaffiliation provisions were similar to state laws upheld by the Supreme Court in *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974). Next, the District Court held that the restrictions placed on circulators of nomination petitions were constitutional. The Court opined that the restrictions were justified by the associational ***273** rights of a political party to limit its nomination process to its own members. In reaching this conclusion, the District Court distinguished Pennsylvania's law restricting the right to participate in the primary process from the broader right to circulate petitions for ballot initiatives. *See Buckley v. Am. Const. Law Found., Inc.*, 525 U.S. 182, 197, 119 S.Ct. 636, 142 L.Ed.2d 599 (1999) (striking down a Colorado statute requiring initiative-petition circulators be registered voters). Lastly, the District Court rejected the Appellant's contention that any qualified voter, registered or not, should be permitted to participate in the candidate selection process. The Court, citing *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986), stated that Appellant's contention "runs counter to the well-established case law giving political parties broad leeway in establishing their associational boundaries." A. 26.

This appeal followed.

## II. DISCUSSION

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of an order dismissing a complaint plenary, and we apply the same test as the District Court did. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 415 (3d Cir. 2006). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007) ).

Appellant avers that Pennsylvania's "sore loser" provision, 25 Pa. Stat. & Cons. Stat. Ann. § 2911(e)(5), and disaffiliation provisions, 25 Pa. Stat. & Cons. Stat. Ann. §§ 2911(e)(6) and 2911.1, violate the First Amendment. Additionally, he avers that § 2869(a)'s registration requirement [5] violates the First and Fourteenth Amendments. These arguments lack merit.

As to the sore loser and disaffiliation provisions, the Supreme Court upheld similar California provisions in *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974). The Court opined that the sore loser provision furthered the aim of preventing "continuing intraparty feuds." *Id.* at 735, 94 S.Ct. 1274. Moreover, the provision "effectuate[d] this aim, the visible result being to prevent the losers from continuing the struggle and to limit the names on the ballot to those who have won the primaries and those independents who have properly qualified." *Id.* Likewise, in considering the disaffiliation provision, the Court held that the provision expressed "a general state policy aimed at maintaining the integrity of the various routes to the ballot." *Id.* at 733, 94 S.Ct. 1274. In doing so, the Court reasoned that the provision "protect[ed] the direct primary process by refusing to recognize independent candidates who do not make ***274** early plans to leave a party and take the alternative course to the ballot." *Id.* at 735, 94 S.Ct. 1274. Thus, "the one-year disaffiliation provision furthers the State's interest in the stability of its political system." *Id.* at 736, 94 S.Ct. 1274.

As the District Court noted, *Storer* differs from this case only in that California placed an earlier and more burdensome deadline for disaffiliation on candidates than Pennsylvania does. While the Supreme Court declined to create a bright line rule for testing this type of provision, the District Court correctly found that "the circumstances of the present matter align at nearly every point with the *Storer* decision." A. 22. The Court did not err in finding that *Storer* controlled, and thus properly dismissed Appellant's constitutional challenge to §§ 2911(e)(5), 2911(e)(6), and 2911.1. [6]

Appellant also argues that § 2869(a)'s registration requirement is unconstitutional. Section 2869(a) requires that electors be duly registered and enrolled as members of the same political party that is holding the primary. Appellant avers that this requirement violates the free speech rights of unregistered but qualified electors who want to circulate nominating petitions, as well as registered electors of a different party from the one identified on the petition. His arguments are unavailing.

"The First Amendment protects 'the freedom to join together in furtherance of common political beliefs.' " *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000) (quoting *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 214-15, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986) ). This "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." *Id.* (quoting *Democratic Party of U.S. v. Wis. ex rel. La Follette*, 450 U.S. 107, 122, 101 S.Ct. 1010, 67 L.Ed.2d 82 (1981) ). Moreover, "[i]n no area is the political association's right to exclude more important than in the process of selecting its nominee." *Id.* at 575, 120 S.Ct. 2402. Accordingly, "the associational 'interest' in selecting the candidate of a group to which one does not belong ... falls far short of a constitutional right, if indeed it can even be characterized as an interest." *Id.* at 575 n. 5, 120 S.Ct. 2402.

While we have not spoken directly on the issue of registration requirements for petition circulators, the Court of Appeals for the Second Circuit had occasion to do so in *Maslow v. Board of Elections in the City of New York*, 658 F.3d 291 (2d Cir. 2011). There, the Court rejected a challenge to a nearly identical New York election law. Citing *Jones*, the Court emphasized the importance of a political party being able to exclude in the nominee selection process. *Id.* at 296. In addition, the Court opined that "Plaintiffs are only restrained from engaging in speech that is inseparably bound up with the ... plaintiffs' association with a political party to which they do not belong. As plaintiffs have no right to this association, they have no right to engage in any speech collateral to it." *Id.* at 298. Moreover, the Court concluded that "the State has a legitimate ***275** interest in protecting its political parties from party raiding." *Id.* The Second Circuit's reasoning is persuasive and applicable to the provision before us. The District Court was correct to dismiss Appellant's challenge to the registration requirement.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment and order.

**All Citations**

751 Fed.Appx. 269

## Footnotes

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1 The Pennsylvania Election Code allows two ways for a candidate to be placed on the General Election Ballot: (1) as the nominee of a major political party after winning the party's primary, 25 P.S. §§ 2831(a) and 2861–83; or (2) as an independent candidate or the designated candidate of a minor political body after obtaining the requisite signatures on nomination papers. 25 P.S. § 2911. The Election Code does not permit a candidate both options in the same election cycle. 25 P.S. § 2911(e)(5) and (e)(6) provide in relevant part:

> There shall be appended to each nomination paper offered for filing an affidavit of each candidate nominated therein, stating ... (5) that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed for any such office; (6) that in the case where he is a candidate for election at a general or municipal election, he was not a registered and enrolled member of a party thirty (30) days before the primary held prior to the general or municipal election in that same year.

Section 2911.1, together with § 2911(e)(6) are understood as the disaffiliation provisions. Section 2911.1 provides: "Any person who is a registered and enrolled member of a party during any period of time beginning with thirty (30) days before the primary and extending through the general or municipal election of that same

year shall be ineligible to be the candidate of a political body in a general or municipal election held in the same year."

2 "Each [nomination petition] shall have appended thereto the affidavit of the circulator of each sheet, setting forth--(a) that he or she is a qualified elector duly registered and enrolled as member of the designated party of the State, or of the political district, as the case may be...." 25 Pa. Stat. & Cons. Stat. Ann. § 2869(a).

3 In his brief, and contrary to his second amended complaint, Appellant states that since the 2016 General Election he has switched his registration to the Republican Party and plans to run in the Republican Primary Election in 2020. Regardless, Appellant challenges the provisions on their face and his party affiliation is immaterial to his claims.

4 The District Court also rejected the Election Officials' *res judicata* arguments. On appeal, Appellees no longer assert jurisdiction, ripeness, standing, or *res judicata* as grounds for dismissing Appellant's claims, though, as we discuss below, we have an independent obligation to evaluate our own jurisdiction over the case.

5 De La Fuente has indicated that he is not challenging the requirement that circulators must be residents of Pennsylvania: "Appellant only challenges the voter registration requirements imposed on Pennsylvania residents wanting to circulate election petitions under 25 P.S. §§ 2869(a) and 2911(d). Residency requirements are different and not challenged in this litigation." Appellant's Supp. Br. at 4-5.

6 Appellant contends that *Storer* was decided only with respect to candidates for Congress and is thus distinguishable because he was running for President. He bases his assertion on two cases: *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995) and *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). However, as the District Court aptly explained, these cases do not establish that presidential elections are special for purposes of evaluating the sore loser and disaffiliation provisions.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit P

--- S.Ct. ----
Only the Westlaw citation is currently available.
Supreme Court of the United States.

PEOPLE NOT POLITICIANS, et al.
v.
Robert ONDER, et al.

No. 26A388
|
[September 25, 2026]

**Synopsis**
**Background:** After the Missouri Supreme Court, 2026 WL 2628846, enjoined the Missouri Secretary of State from using in November 2026 general election the congressional redistricting map enacted by the Missouri legislature in 2025 unless and until it was approved by voters by referendum at November 2026 general election, voters and candidates brought action against Missouri and Secretary, contending that United States Constitution required Missouri to use 2025 map in November 2026 general election, rather than the redistricting map enacted by legislature in 2022, because 2025 map had been used in August 2026 primary election. Organization that had submitted referendum petition regarding 2025 map, and organization's executive director, intervened as defendants. On same evening that the United States Supreme Court, Justice Kavanaugh, as Circuit Justice, denied Secretary's motion for stay of Missouri Supreme Court's decision, the United States District Court for the Eastern District of Missouri, Stephen R. Clark, 2026 WL 2640610, granted plaintiffs' motion for temporary restraining order (TRO). Intervenors' applications for stay pending appeal were denied by the District Court, Clark, J., 2026 WL 2660327, and the United States Court of Appeals for the Eighth Circuit, 2026 WL 2661912. Intervenors applied for stay pending appeal and any certiorari proceedings. The Supreme Court, Justice Kavanaugh, as Circuit Justice, referred the application to the Court, and the application was granted, 2026 WL 2659767. The Court of Appeals, 2026 WL 2824043, affirmed the District Court and remanded for entry of permanent injunction.

**Holdings:** The Supreme Court held that:

Court of Appeals lacked authority to order District Court to enter permanent injunction in favor of Secretary;

merits, as traditional stay factor, favored stay;

equities, as traditional stay factor, heavily favored stay; and

Court of Appeals violated Supreme Court's *Purcell* principle, under which lower federal courts should not alter a State's election rules on eve of election; and

Missouri Supreme Court did not violate *Purcell* principle.

Application granted; mandate and order of Court of Appeals, and injunctions entered by District Court, stayed.

**Procedural Posture(s):** Motion for Stay.

Case below, 2026 WL 2824043.

**Attorneys and Law Firms**

Abha Khanna, Counsel of Record, Elias Law Group LLP, Seattle, WA, Katie Chamblee-Ryan, Lucas Lallinger, Elias Law Group LLP, Washington, DC, Charles W. Hatfield, Alexander C. Barrett, Alixandra S. Cossette, Greta M. Bax, Stinson LLP, Jefferson City, MO, for People Not Politicians, Richard von Glahn.

**Opinion**

Per Curiam.

***1** In 2022, the Missouri Legislature enacted a redistricting map for elections to the U. S. House of Representatives. In 2025, the Missouri Legislature enacted a new map. But under the Missouri Constitution as interpreted by the Supreme Court of Missouri, a new law such as the 2025 map does not take effect unless and until approved by voters in a referendum in the next election—at least where, as here, the number of voter signatures on the petition suffices to trigger a referendum. Therefore, on September 3, 2026, the Missouri Supreme Court ruled that the 2025 redistricting map "is not the law and has never been the law" in Missouri—and will not take effect unless and until approved by Missouri voters by referendum in the 2026 election. *von Glahn* v. *Hoskins*, —— S. W. 3d ——, —— – ——, n. 8 (Mo. 2026), App. to Emergency Motion 53–54a, n. 8.

In short, as a matter of state law, the 2022 map—not the 2025 map—must be used in the 2026 congressional election.

In the wake of that recent Missouri Supreme Court decision, a group of voters and candidates (collectively, plaintiffs) sued in federal court. They contended that the U. S. Constitution requires Missouri to use the 2025 map in the 2026 election—even though the 2025 map cannot take effect under Missouri law unless and until it is approved by Missouri voters in the 2026 election.

In two orders in the last few weeks, this Court has denied such relief. In the first, the Missouri Secretary of State asked this Court to stay the September 3 decision of the Missouri Supreme Court that had prohibited use of the 2025 map in the general election. On September 8, Justice KAVANAUGH, in his capacity as Circuit Justice for the Eighth Circuit, denied that request, thereby leaving the 2022 map in effect for the 2026 general election. But that same evening, a federal district court in Missouri issued a temporary restraining order—in practical effect, an injunction [1] —in effect requiring Missouri to use the 2025 map instead of the 2022 map, essentially ordering relief that the Circuit Justice had just denied.

The District Court's September 8 injunction was promptly stayed by this Court on September 10, in an order issued by the full Court without any noted dissent. That stay remains in effect.

This Court's September 10 stay order meant that the 2022 map would be used in the 2026 congressional election in Missouri, absent further order of this Court. And the election has now begun under the 2022 map. But on September 21, 11 days after this Court's most recent order, the U. S. Court of Appeals for the Eighth Circuit ordered the District Court to enter a permanent injunction in effect requiring use of the 2025 map instead of the 2022 map in the 2026 election. Given this Court's two prior orders in this litigation, our conclusion that this was error should come as no surprise. [2]

***2** Consistent with this Court's September 10 stay order, we therefore must now stay the District Court's new September 21 and September 22 injunctions [3] and the Eighth Circuit's September 21 mandate and September 22 order. [4]

Even putting this Court's prior orders aside, the traditional stay factors also dictate that this Court stay those District Court and Court of Appeals orders, just as this Court stayed the District Court's previous September 8 injunction. See *Nken v. Holder*, 556 U.S. 418, 425–426, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).

On the merits, the Court's precedents have not previously stated that Article I, Section 2 requires a state to use the primary election map in a general election, and given that the equities heavily favor staying this late-breaking intervention, it suffices that the merits are not entirely clearcut. Cf. *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 10, and n. 10, 102 S.Ct. 2194, 72 L.Ed.2d 628 (1982). The equities dictate that we stay the District Court's September 21 and September 22 injunctions, as well as the Court of Appeals' September 21 and September 22 orders. See *Purcell v. Gonzalez*, 549 U.S. 1, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006) (*per curiam*). This Court has repeatedly cautioned that "lower federal courts should not 'alter the election rules' " of a state "on the eve of an election." *Allen v. Milligan*, 608 U.S. 511, 514, 146 S.Ct. 1377, 225 L.Ed.2d 103 (2026) (*per curiam*) (quoting *Republican National Committee v. Democratic National Committee*, 589 U.S. 423, 424, 140 S.Ct. 1205, 206 L.Ed.2d 452 (2020) (*per curiam*)); see also *Purcell*, 549 U.S., at 4–6, 127 S.Ct. 5.

The *Purcell* principle applies with even greater force here. The election is not merely upcoming; it has already started. Ballots using the 2022 map have been printed and mailed. Absentee voting has already begun, as has military and overseas voting. According to local election officials in Missouri: "At this point, it is practically impossible to revert to the" 2025 "map." Brief for Missouri Association of County Clerks and Election Authorities as *Amicus Curiae* in No. 26–2797 (CA8), p. 12.

At this late date, ordering reversion to the 2025 map in the midst of an ongoing election would usher in electoral chaos. *Purcell* protects against such disorder. The Eighth Circuit panel dealt with *Purcell* by casting blame on the Missouri Supreme Court for its September 3 decision prohibiting use of the 2025 map. The state court, it reasoned, destabilized the election with its "last-minute decisio[n]" that could "potentially ... decide the outcome of ... party control of Congress." ––– F. 4th, at ––––, App. to Emergency Motion 29a.

The Eighth Circuit's application of *Purcell* was incorrect. Even though "federal courts should not impose changes close to an election, States are free to decide for themselves whether last-minute changes to an election are in their best interests"—subject, of course, to certain limited constraints imposed by federal law. *Allen*, 608 U.S., at 514, 146 S.Ct. 1377 (citation omitted). Moreover, in this case, the Missouri Supreme Court

was not responsible for the late-breaking changes. On the contrary, in an opinion back in May 2026, well before the primary election, the Missouri Supreme Court stated that the 2025 map would not take effect until approved by the voters in an intervening referendum, at least if the referendum petition was legally sufficient. *Maggard v. State*, 733 S.W.3d 411, 419–420 (Mo. 2026); see also *Healey v. State*, 732 S.W.3d 827, 836, n. 1 (Mo. 2026); *NAACP Mo. State Conference v. Kehoe*, 734 S.W.3d 338, 341, n. 4 (Mo. 2026). So in the several-month period before the August primary election, the Missouri Secretary of State was well aware that conducting the August primary election with the 2025 map carried significant risks. The Secretary nonetheless chose to proceed with the 2025 map for the primary.

* * *

***3** For those reasons, the application for stay presented to Justice KAVANAUGH and by him referred to the Court is granted. The September 21, 2026, mandate and September 22, 2026, order entered by the U. S. Court of Appeals for the Eighth Circuit in No. 26–2797, and the September 21, 2026, and September 22, 2026, injunctions entered by the U. S. District Court for the Eastern District of Missouri, No. 4:26–cv–01424, ECF Docs. 57 and 60, are stayed absent any further order of this Court lifting such stays. The prior stay entered by this Court on September 10, 2026, likewise remains in effect pending any further order of this Court lifting that stay. The District Court and Court of Appeals should not enjoin or otherwise prohibit the use of the 2022 map in the 2026 congressional election in Missouri. And the District Court and Court of Appeals should not order or otherwise require Missouri to use the 2025 map in the 2026 congressional election in Missouri.

*It is so ordered.*

**All Citations**

609 U.S. ----, --- S.Ct. ----, 2026 WL 2883222

## Footnotes

1 As the Eighth Circuit later noted, the District Court's TRO was “in practical effect a preliminary injunction.” *Onder v. Missouri*, ––– F. 4th –––, ––––, 2026 WL 2824043 (CA8, Sept. 21, 2026) (quotation marks omitted), App. to Emergency Motion 12a.

2 We conclude that at least one of the applicants has standing on appeal.

3 The District Court amended the injunction on September 22, 2026. *Onder* v. *Missouri*, No. 4:26–cv–01424 (ED Mo.), ECF Doc. 60.

4 On September 22, 2026, the Eighth Circuit issued an order denying applicants’ motion to recall the mandate and stay the September 21 order. *Onder v. Missouri*, No. 26–2797, ––– F.4th –––, 2026 WL 2824043 (CA8, Sept. 22, 2026).

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.