**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS ATIYEH** | : | **CIVIL ACTION NO. 1:26-CV-2813** |
| | : | |
| **Plaintiff,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **AL SCHMIDT, in his official capacity as the Secretary of the Commonwealth of Pennsylvania,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM

Presently before the court is a motion for reconsideration put forth by the plaintiff, Dennis Atiyeh. (Doc. 20). Atiyeh asks the court to reconsider its prior decision denying him a preliminary injunction and mandatory relief from the defendant. (Doc. 16).

As explained below, after careful reconsideration, the court finds that Atiyeh has not demonstrated any entitlement to a different verdict than the court previously rendered, and that the prior decision was correct on the merits. Further, the election is now mere days away, and so the Purcell principle, on its own, unquestionably prohibits Atiyeh's desired relief from being implemented. For both of these reasons, the court will deny the motion for reconsideration.

## I. Factual Background and Procedural History

The facts of this matter are well known to the parties and recited in detail in the court's prior opinion (Doc. 16), and so are not restated here. The general state of the case is as follows: Atiyeh originally requested this court enter a preliminary

injunction against the defendant and impose mandatory relief in the form of requiring the defendant to add Atiyeh to the ballot for the November 3, 2026, election as an independent candidate for governor. (Doc. 2). This court held a preliminary injunction hearing on September 30, 2026, and ultimately denied Atiyeh's request for preliminary injunction, on the dual bases that the Purcell principle counseled against a grant of relief, and that Atiyeh had not shown he was likely to win his underlying lawsuit on the merits. (Doc. 16). Atiyeh swiftly moved the court for reconsideration of that denial. (Doc. 20). That motion is now briefed and ripe for resolution.

## II. Standard of Review – Motion for Reconsideration

A motion characterized simply as a "motion for reconsideration" is generally construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citations omitted). Such a motion must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. at 128 (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration of an interlocutory order, however, is subject to a more malleable standard. District courts possess inherent power to reconsider interlocutory orders "when it is consonant with justice to do so." State Nat'l Ins. Co. v. County of Camden, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) (citing United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)); Alea N. Am. Ins. Co.

v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008) (nonprecedential). Under this standard, "so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973). To grant a motion under rule 54(b), "the stated rationale for the reconsideration must under all the circumstances provide reasonable justification for departure from 'the practice of courts generally to refuse to reopen what has been decided.'" In re Anthanassious, 418 F. App'x 91, 95-96 (3d Cir. 2011) (quoting Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)).

Regardless of whether the order is final or interlocutory, a party may not invoke a motion for reconsideration to "relitigate old matters" or present previously available arguments or evidence. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010).

## III. Discussion

In this matter, Atiyeh does not identify any specific legal ground for the court to reverse its prior order. None of the three grounds for reconsideration under rule 59(e) are raised or argued here. However, out of an abundance of caution and respect for Atiyeh's *pro se* status, the court considers below if it would be "consonant with justice" to reconsider the prior holding, and finds nothing raised in the motion which requires a reversal in order to serve justice.

Atiyeh presents eight grounds for reconsideration: (1) that the opinion stated Atiyeh did not obtain 5,000 signatures, but he did not testify to that fact; (2) that Plaintiff's exhibit 1 showed a mark indicating a revision to the nomination papers was made in March of 2026, but the defendant's exhibit omitted that mark, and the court failed to properly weigh that fact; (3) that the court relied on e-mails from other independent candidates as evidence that those candidates were able to access the nomination forms in a timely manner indicating that the forms were available to all, despite Atiyeh's objection on hearsay grounds and circumstances which Atiyeh argues erodes the reliability of this evidence; (4) that the court, when discussing the <u>Purcell</u> principle, did not sufficiently consider Atiyeh's own testimony that adding him to the ballot may be logistically feasible; (5) that the Defendant did not establish that "all—or even most" Pennsylvania counties had already transmitted mail-in ballots; (6) that the <u>Purcell</u> principle "should not" operate as an automatic bar; (7) that the court failed to properly weigh the evidence related to Atiyeh's communications with the Department, and; (8) the "cumulative effect" of these alleged errors. (Doc. 20). None of these arguments demonstrate that reconsideration is consonant with justice.

These arguments need not be individually considered. Firstly, the majority of them run afoul of the Supreme Court's prohibition against using a motion to reconsider to "relitigate old matters [.]" <u>Exxon Shipping Co.</u>, 554 U.S. at 485 n.5. Moreover, the basis for the court's decision was that Atiyeh had not shown a likelihood of success on his underlying claim. (Doc. 16 at 12-13). Atiyeh needed to

show "something approaching certainty that his claims would be meritorious." (Id. at 13). To be successful on the instant motion, Atiyeh would need to show that he did in fact meet that standard, but the court improperly found otherwise. Nothing raised here would reach that high bar.

Simply put, Atiyeh fails to connect the dots to complete the picture he wishes the court to see. He presents eight alleged errors but does not explain why they are significant. Atiyeh needed to show why these alleged errors, if reconsidered, would lead the court to conclude he had a likelihood of success on the underlying claim. Atiyeh cannot back his way into his desired relief by alleging that the court made certain errors and therefore he should win. Although the arguments and pleadings of a *pro se* plaintiff are liberally construed, relief cannot be granted absent a showing of entitlement to it.

## IV. Conclusion

Even assuming Atiyeh could prove the errors he complains of, that would not suffice to meet the extremely high bar of demonstrating likelihood of success on the merits. Accordingly, the motion for reconsideration will be denied.

An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania